**REDDINGER v DEISS & CO, INC, et**

Ohio Appeals, 9th Dist, Wayne Co

No 944. Decided Oct 17, 1935

Etling, Wooster, for defendants in error Deiss & Co., Inc., and A. Haer.

H. H. Smith, Wooster, for plaintiff in error, and defendant in error Willis Reddinger.

Helmkamp & Matz, Akron, and Starn &

**OPINION**

By FUNK, P.J.

It is a general principle that equity acts only where there is some inadequacy of a legal remedy; and some such inadequacy should exist in order to successfully maintain an independent suit in equity against a judgment or decree of court, for a court of equity will not, generally speaking, grant relief against a judgment or decree of a court of competent jurisdiction in the absence of such fraud, unfairness or undue advantage of the prevailing party as would involve the very jurisdiction of the court and prevent it from exercising the requisite power to entertain or decide the issues in controversy, or unless the irregularities or

errors are of such a character as to make the judgment ipso facto void, such as the absence of jurisdiction of the court which rendered the judgment, either of the subject-matter of the suit or the parties to the action.

23 O. Jur., "Judgments," §§1213, 1214, pp. 1271, 1272.

1 Freeman on Judgments (5th ed.) §§321, 322 and 331.

84 Oh St 370, Michael v American Natl. Bank.

In 116 Oh St 144, Seeds v Seeds, it was held that an independent suit in equity could be maintained on the ground that there had been no service of process or notice to the complaining party.

Under the rule permitting the maintenance of an independent action in equity, it is clear that the only allegation in the petition that would support the action is the allegation that plaintiff was not served with summons in said foreclosure suit, and that all the other alleged fraud and irregularities complained of are such as could and should have been adjudicated in the foreclosure suit or in the partition proceedings, and are not such as would sustain an independent action in equity, in the absence of want of service of process and notice.

The court below specifically found that plaintiff was duly and legally served with summons in said foreclosure suit and in the partition proceedings, and that accordingly all the other matters complained of were adjudicated in said foreclosure suit and partition proceedings, and dismissed the petition for that reason. Under the conflict there is in the evidence in this case, we are not permitted to say that that finding is against the manifest weight of the evidence.

As the other allegations of fraud and irregularities complained of in the petition are not such as would, in themselves, sustain an independent suit in equity to cancel said alleged judgment and decree, either in the foreclosure or the partition action, it is not necessary or proper in this action to pass upon the questions raised concerning the same in the briefs and in oral argument.

However, counsel for plaintiff insists that this case presents a great hardship, and that, in the result of the original action, injustice was done the defendants therein.

Assuming that that is true, Judge Johnson, in Michael v American Natl. Bank, supra, aptly said, concerning a similar claim, that—

"Courts at their best can only approximate exact justice. Where such hardships and imperfections seem to be apparent, courts would gladly redress them if a rule could be contrived that would remedy the evil without producing worse conditions.

"The mischief of endless litigation in which nothing is finally determined, is a thing more to be dreaded than an occasional miscarriage of justice. If by allegation in a bill in equity, that false testimony had been given. or forged documents introduced or new evidence discovered, controversies which had been regularly adjudicated could be opened up, there could be no assurance of the conclusive effect of final judgments."

In this connection it may be proper to say that, while there are a number of general allegations in the petition of irregularities, which irregularities are claimed to constitute fraud on the part of defendants as against this plaintiff, we find no evidence whatever to show any fraud practiced on the part of defendant A. Haer in the several transactions referred to in the petition, or that she is not an innocent purchaser of said note and mortgage for value before due.

It should also be noted that the husband of plaintiff admits he executed the note and mortgage in question to Deiss & Co., and does not deny that his wife signed said note and mortgage, but merely denies that it was "written as agreed upon" with him and that it was signed in Summit County.

Said Willis Reddinger further admits that he was duly served with summons on his farm where the deputy sheriff says he served both plaintiff and said Willis Reddinger, but denies that said deputy served plaintiff personally, and claims that said deputy only handed to him a copy of the summons for plaintiff, which he did not give to her, and about which he said nothing to her. Moreover, there is no claim that said Willis Reddinger, although duly served with summons, filed any answer in either the foreclosure or partition suits, or that he made any defense whatever, and there is no evidence that the plaintiff in the instant case had any interest in said real estate except such contingent interest as she might have as the wife of said Willis Reddinger.

As to the amount of interest due at the time the action was commenced, the note shows on its face that there was more than $100 interest due at the time the action was commenced, and there is no evidence

that there was any payment made that is not endorsed on the note.

In fact, there is no evidence in this record that any judgment was rendered in any amount on the note, and there is no evidence in the record whether there was or was not an acceleration clause either in the mortgage or in a separate written agreement. The only evidence on the subject is that of the alleged copy of the note attached to the petition, which was offered in evidence, and which merely shows on its face that it contained no acceleration clause.

Under this state of the record we must assume that the court had before it such evidence as warranted the court in taking the action it did in said foreclosure suit.

The judgment will have to be affirmed.

STEVENS and WASHBURN, JJ, concur in judgment.