**GIBBONS et, Plaintiffs, v. SOMMERS et, Defendants.**

Common Pleas Court, Mercer County.

No. 14671.   Decided November 29, 1957.

Short & Dull, Robert D. Touvelle, Celina, for plaintiffs.
Foust & Harrelson, Troy, for defendants.

(McNEILL, J., of Van Wert County, sitting by assignment.)

### OPINION

By McNEILL, J.

This is an action to prevent the enforcement of a judgment taken by confession in the court of common pleas of Miami County, Ohio. Plaintiffs, along with defendant Frank Sommers and four other persons

were the makers of a note. The payee of said note, Dr. Otis, was also one of the makers. This was a demand note, and about three years after its execution, it was endorsed without recourse by Dr. Otis to defendant Sommers. Plaintiffs contend that the judgment in Miami County. is void and may be properly attacked in this action.

Generally, a co-maker on making payments on a note, discharges the note and cannot sue his other co-makers on the note. Liverman v. Cahoon, 72 S. E. 327 (N. Car.); Norris v. Barbour, 51 S. E. 2d 334 (Va.); Exum v. Mayfield, 297 S. W. 607 (Texas); Bailes v. Keck, 254 Pac. 573 (Cal.). In Harris v. King, 298 Pac. 100 (Cal.) upon payment of a note by a co-maker, the Court stated:

"Having been paid, it became functus officio, and no action could be maintained upon it."

To the same effect is Federal Trust v. Wolman, 181 Atl. 815 (Maine), the Court holding:

"On payment of note by surviving co-maker, note became commercially dead."

And in Hazel v. Sharum, 32 S. W. 2d 315 (Ark.), wherein it was stated:

"Joint makers paying note on which they were primarily liable could not sue other joint makers on note but only for contribution on implied contracts * * *." This is also the rule in Ohio. In the case of Minks v. Byerly, 60 Oh Ap 240, the Court held:

"Where one of the makers of a negotiable promissory note makes full payment thereupon * * * and takes an assignment of the note from the payee, such assignment is a mere nullity and the assignee cannot sue his comaker in an action of law on the theory of subrogation."

Also see: Zuellig v. Hemerlie, 60 Oh St 27; Neilson & Churchill v. Fry, 16 Oh St 552.

Thus, it is apparent that no legal right of action existed on the note. In the case of The Lincoln Tavern, Inc. v. Snader, 165 Oh St 61, the court held that where a defect in service appeared upon the face of the record, a court was without jurisdiction and a judgment based on such faulty service is void ab initio, especially if such lack of jurisdiction is apparent on the face of the record. Also see: Hayes v. Kentucky Joint Stock Land Bank, 125 Oh St 359; 181 N. E. 542.

In such cases, the attack may be direct or by an independent action and in those cases it has even been held what would normally be considered a collateral attack is a direct attack. In re: Frinzl, 152 Oh St 164; Lewis v. Reed, 117 Oh St 152; State, ex rel. Hawke v. LeBlond, 108 Oh St 126; Kingsborough v. Tousley, 56 Oh St 450; Salhany v. Van Sickle, 4 Abs 333; Reddinger v. Deiss, 20 Abs 172; Seeds v. Seeds, 116 Oh St 144.

Thus, the question here is whether or not the warrant of attorney was exercised so as to give the court jurisdiction. In the case of Hager v. Schick, 151 Oh St 535, the Court held:

"A warrant of attorney to confess judgment must be strictly construed and the authority thereby conferred cannot be exercised beyond the limits expressed in the instrument."

The note in this case provided for a confession by any legal holder. Under the foregoing cases, it is the court's opinion that defendant Frank

Sommers is not a legal holder as the note was commercially dead and no right of action existed on it in any fashion. After being paid by a comaker the note became purely evidence in a suit for contribution.

It appears that these decisions do not conflict with the negotiable instrument law. **Sec. 1303.41 R. C.,** provides that a person primarily liable on an instrument is the person by whom, by its own terms, is absolutely required to pay it. **Sec. 1303.34 E R. C.,** provides that an instrument is discharged where the principal debtor becomes the holder of the instrument at or after maturity in his own right.

In this case, defendant Sommers, a person primarily liable, when he became the holder of an instrument, became holder of a discharged instrument, and certainly there is no authority to confess judgment on any person on a discharged instrument. These cases are not to be confused with some cases, that are on their face contra under the negotiable instrument act, where the note comes in the possession of one secondarily liable, and such cases are controlled by other sections of the statute. In this case, all seven parties are shown on the face as makers, with the result that they each and every one are primarily liable.

In Gillham v. Troeckler, 26 N. E. 2d 413 (Ill.), the Court held that where judgment by confession was taken by an accommodation maker, who had paid off the note, the note was void. In a very similar case to the one at hand, Perkins v. Hall, 17 S. E. 2d 795 (W. Va.), the court held that a note containing a power of attorney to confess judgment having been paid by the accommodation makers, was discharged. It was further held that the Court had no jurisdiction to enter judgment by confession in favor of the accommodation maker against comakers, without process or appearances by comakers, and in such case, such lack of jurisdiction was apparent upon the face of the record and consequently, full faith and credit would not be given to such a void judgment rendered in Ohio, in an action to enforce such judgment in West Virginia.

Thus, it appears to the court that the record of the judgment taken in Miami County shows on its face that it was taken under a power of attorney in favor of a comaker who had paid the note, against two other comakers. Both under statutory law and case law, the court was without jurisdiction to render such a judgment. Consequently, it is within the power of the court to enjoin the enforcement of the Miami County judgment.

It is true that the gist of the petition is fraud. However, the suit was one to enjoin the enforcement of a judgment. The nature of the action is not changed, as in any event, the judgment in Miami County would have to have been examined. Where a court of equity properly has acquired jurisdiction of the cause for one purpose, any relief, legal or equitable, justified by the pleadings, intending to end litigation by the parties will be granted. This is exactly the situation in the case of Perkins v. Hall, supra.

The Court deciding as it has, it is unnecessary to consider the question of fraud. Judgment for the plaintiffs restraining the defendants from enforcing the Miami County judgment should be entered, with costs of this action to defendants.