*Northern District*

## No. 8366
## CITY BANK & TRUST CO.
v.
## EDWARD H. COOLEY,
## ALDEN H. COOLEY
## AND JOAN R. COOLEY

Argued: Sept. 18, 1975. Decided: Nov. 14, 1975.

Case tried to *Sherman, J.* in the Second District Court
of Eastern Middlesex: (Waltham). No.: 14131.
Present: Flynn, P.J., Gould, Constantino, J.J.

**Flynn, J.** This is an action of contract. Plaintiff's
declaration contained three counts all based upon a
note made by the defendant Alden H. Cooley (Alden)
dated September 21, 1973 in the amount of $5,000.00

together with interest at 11.75% per annum from said date payable to the plaintiff or its order. The note also provided for all costs and expenses of collection including reasonable attorneys fees. Count 1 is brought against Alden as maker; Counts 2 and 3 are brought against Joan R. Cooley (Joan) wife of Alden, and Edward H. Cooley (Edward( father of Alden as guarantors respectively.

The justice's findings for the plaintiff on Counts 1 and 2 for $5,000.00 plus interest at the rate of 11.75% per annum from October 23, 1973 together with the sum of $750.00 for attorneys fees are not disputed.

The justice's finding for the defendant Edward H. Cooley on Count #3 is disputed and we will accordingly confine ourselves to that aspect of the case.

Edward, in his answer, pleaded that if he executed a guaranty he did so on June 29, 1972 for a specific loan of $5,000.00 then owed by Alden and that the plaintiff is suing on another promissory note dated September 21, 1973 which is not covered by his earlier guaranty. Further, that if he executed said guaranty, he did so as an accommodation maker which fact was well known to the plaintiff and that as such accommodation maker, his liability is that of a surety, and that because the plaintiff granted several extensions of time to Alden, Edward is discharged from liability as surety.

*There was evidence tending to show that* Alden first borrowed money from the plaintiff bank in 1961 when he was granted a loan of $1,000.00. That on September 16, 1968 the defendant Joan signed a Loan Guaranty Agreement with the plaintiff on the bank's printed standard form whereunder she guaranteed any of Alden's future indebtedness to the bank and gave the bank authority to give and make extensions and renewals to Alden without any time limitation on her guarantee which was to remain in effect until receipt by the bank of written notice by registered or certified mail to the contrary.

At the end of June or early in July of 1972 the plaintiff's president approved a loan to Alden in the amount of $5,000. The completion of the loan transaction was referred to the plaintiff's vice-president and chief loan officer who attended to the execution of a promissory note in the amount of $5,000. and obtained from the defendant, Edward H. Cooley, a memorandum dated June 29, 1972 which recited:

> "To City Bank and Trust Company: I have furnished financial statement as requested and understand that should Alden H. Cooley of 217 Elm Street, Raynham, default on loan of $5,000. it will become my liability."

This memorandum bore the signature of Edward H. Cooley.

In connection with the receipt by the plaintiff of the said instrument on July 3, 1972 Alden executed a note for $5,000. payable to the plaintiff or order in four months which bore interest at a rate of 8% and the note was endorsed by Edward. Alden's obligation was subsequently renewed on January 5, 1973, February 5, 1973, April 9, 1973, May 14, 1973, August 10, 1973, and September 21, 1973. In each instance of renewal Alden executed a new note (none of which were endorsed by Edward) and the note previously issued by him was returned marked "paid". With each new note the rate of interest increased so that the note of September 21, 1973 payable October 23, 1973 bore interest at the rate of 11¾% per annum.

At no time did the plaintiff or any one else inform Edward or Joan of the loan renewals or changes in the interest rates.

The promissory note of September 21, 1973 provided for the payment of reasonable attorney's fees and all expenses of collection in the event of default. No payment has been made on this note and written demand for payment was made upon Alden on October 31, 1973, a copy of which demand was sent to Edward.

The plaintiff at no time has received notice of the revocation of the guaranty of either Edward or Joan.

The plaintiff filed certain requests for rulings as follows:

3  The defendant Edward Cooley's written guaranty of his son's loan of $5,000.00 legally binds him to the plaintiff.

4  The guaranty of Alden Cooley's loan by Edward Cooley is a continuing guarantee of a $5,000.00 loan and not of any particular note.

5  The rewriting of the various notes evidencing Alden Cooley's loan of $5,000.00 did not affect Edward Cooley's guaranty of said loan.

10  A note is a paper acknowledging a debt in writing and its replacement does not evidence payment of the debt.

All of these requests were treated as, "Denied, but see findings," and from which denials the plaintiff claims to be aggrieved.

The trial justice filed a seven page instrument entitled "Findings, Rulings, and Decision" from which we extract the following as consisting of findings of fact:

"Each new note created a new obligation differing in time and interest from the first obligation although the principal amount did not vary . . .

. . . There was no evidence that either Edward or Joan had any knowledge that Alden had obtained renewals of the $5,000.00 obligation and more specifically that he had executed a note of September 21, 1973.

. . . Alden's liability under Count 1 of the declaration is established by his own admissions.

Joan's obligation was a continuing one and she might have terminated her future liability by complying with the notice provisions of her agreement.

In addition she waived the defenses now raised by her at the time of the execution of her guaranty.

Edward's position is different. The bank saw fit to accept a simple statement of the guaranty of a debt of Alden without the safeguards built into its standard form. Even if we (sic) were to consider that Edward intended to guaranty Alden's obligation in the amount of $5,000.00, however and whenever evidenced, and that the renewals of the debt were merely extensions which might even have been to Edward's benefit, we cannot hold in the light of well settled precedent that Edward was not in fact discharged by the material variations of the original debt by the change of interest rates obviously necessitated by general economic conditions of which we take judicial notice."

We find no error. We construe the foregoing language of the trial justice to mean that he found that guarantee executed by Edward on June 29, 1972 was intended by Edward to be confined solely to the $5,000.00 loan to Alden which had been previously approved by the plaintiff's president and which was consummated on July 3, 1972. Also, that Edward had no knowledge of the renewal notes each of which created a new binding obligation on Alden's part to which Edward had not concurred.

The trial justice also found material variations in the terms of the original debt to which Edward had obligated himself as guarantor by the change in times when the debt was due and in the interest rates that were charged. Edward had guaranteed Alden's four month note dated July 3, 1972 hearing interest at 8% and the plaintiff now sues on another note dated September 21, 1973 payable October 23, 1973 with interest at 11¾%. The justice's finding of material variation is thus supported by the evidence and being a finding of fact can not be disturbed by this Division. *Codman v. Beane,* 312 Mass. 570, 573 (1942). *James B. Rendle Co. v. Conley & Daggett, Inc.,* 313 Mass. 712 (1943).

From the summary of the evidence, it is apparent that Edward was not a compensated surety and therefore his status is that of an accommodation surety. Such a surety is discharged where the principal and the creditor, without the surety's consent, make a binding agreement to extend the time on the principal's obligation unless the creditor in the extension agreement reserves his rights against the surety. *Bayer & Mingolla Construction Co., Inc. v. Deschenes,* 348 Mass. 594, 598 (1965) and cases cited. Restatement: Security §129. (The terms "surety" and "guarantor" are synonymous. Restatement: Security §82).

Furthermore, unless the modification of the original agreement is one that can only be beneficial to the surety, a surety other than a compensated surety is discharged where, without the surety's consent, the principal and the creditor modify their contract otherwise than by the extension of time for payment. Restatement: Security §128; 72 C.J.S., §127; 74 ALR 2nd 728 and Anno. Here the justice found that the plaintiff made six subsequent binding agreements with Alden, all without Edward's knowledge or consent and all with the rate of interest in excess of the rate of interest on the note of July 3, 1972 that Edward had guaranteed. It would therefore appear that Edward did not benefit by the terms of the subsequent contracts.

In addition there is the fact that the July 3, 1972 note that Edward guaranteed was marked "paid" and returned to the maker long prior to the making of the note that is being sued upon in the case at bar. We agree therefore with the trial justice that Edward's obligation as guarantor under such circumstances is discharged. See *Maglione v. Penta,* 266 Mass. 413, 416 (1929) and cases cited.

Plaintiff argues that because Edward endorsed the July 3, 1972 note he in any event could have been held on that instrument as an endorser and that his guarantee of June 29, 1972 must have therefore been

intended to have been a continuing one. We do not agree that such a conclusion is required. Had the plaintiff required Edward to sign a form guarantee similar to the one executed several years earlier by the wife Joan, there would have been little or no qustion as to Edward's intent. The circumstances here, however, leave the question of Edward's intent when he executed the guaranty to the trial judge where it belongs.

The defendant Edward Cooley also claimed a report in this matter which was "consolidated" in the report with the plaintiff's claim. Although the judge treated Edward's request for rulings as waived in view of the finding in his favor, Edward, in the face of the plaintiff's claim for a report and wishing to preserve his rights, claims to be aggrieved by the denial on certain requests for rulings that relate to his claim of a lack of consideration to support his guarantee. The trial judge found as a fact that there was sufficient consideration to support the guarantee and we in turn would rule that the evidence amply supports this finding which therefore can not be disturbed by this Division. *McKenna v. Andressi*, 299 Mass. 213, 215 (1935). However, his claim for report is rendered moot by our disposition of the plaintiff's claim.

There being no prejudicial error, **the report is dismissed.**