(626 P.2d 1232)

No. 52,150

HARRY LITWIN, *Appellant,* v. JOHN R. BARRIER, *Appellee.*

Opinion filed April 24, 1981.

*Dale M. Stucky,* of Fleeson, Gooing, Coulson & Kitch, of Wichita, for appellant.

*Charles P. Efflandt,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, for appellee.

Before JUSTICE HOLMES, presiding, MEYER, J., and HARRY G. MILLER, District Judge Retired, assigned.

HOLMES, J.: Plaintiff Harry Litwin appeals from a judgment in an action on a promissory note rendered in favor of the defendant John R. Barrier. The facts were submitted to the court by stipulation and are not in dispute.

On or about July 31, 1972, Litwin and Barrier, as comakers, executed a single payment unsecured note in the principal sum of $41,120.00 to Seneca National Bank in Wichita.

On October 30, 1972, the due date, Litwin paid to the bank the sum of $41,847.59, which constituted the full amount of principal

and interest due and payable on the note. On the same date, the bank executed on the back of the note a written "assignment" to Litwin and the note has been in his possession since.

Barrier was not involved in the payment transaction between Litwin and the bank.

On July 29, 1977, Litwin filed this action against Barrier *on the note* to recover the amount of the note plus accrued interest. In the stipulation of facts filed February 1, 1980, Litwin conceded that if he were to prevail on his cause of action, Barrier would be entitled to a setoff of one-half of the principal amount of the note. Barrier in his answer raised, among other things, the statute of limitations as a defense. The parties agree they executed the note as comakers and not in any other capacity. The trial court held that Litwin's cause of action was barred by the statute of limitations and this ruling is the sole question before the court.

Litwin contends he purchased the note from the Seneca National Bank and, as a holder of the instrument, may maintain an action on the note against his comaker. If his position is correct that the action is on a written instrument, the five-year statute of limitations (K.S.A. 60-511[1]) applies and the action was timely filed. Barrier, on the other hand, maintains the action is one for contribution under K.S.A. 60-2413(*a*) and that the three-year statute of limitations (K.S.A. 60-512) applies, in which case the action was not timely filed.

The trial court made findings and conclusions which include:

"3. The Court finds that the plaintiff, a maker of the promissory Note at issue, paid said promissory Note in full on October 30, 1972, and that, under the provisions of K.S.A. 84-3-601(3), said payment discharged the defendant, as a co-maker of the Note, from any and all further liability on the Note itself.

"4. Under the provisions of K.S.A. 84-3-601(3), the Court finds that the assignment of the Note by the Seneca National Bank to the plaintiff was a nullity and of no legal effect.

.   .   .   .   .

"6. The Court does find that at the time payment of the Note was made by the plaintiff on October 30, 1972, a cause of action based on a theory of contribution arose and accrued in his behalf. However, the Court further finds that such a cause of action is based upon an implied obligation not in writing and that, accordingly, the right to maintain such a cause of action is governed by the three (3) year statute of limitations set forth in K.S.A. 60-512. The Court finds that since this action was filed on July 29, 1977, any cause of action for contribution has been barred by the running of the three-year Statute of Limitation set forth in K.S.A. 60-512."

At the outset we pause to note that since the controlling facts

are based upon written stipulations, this court is afforded the same opportunity as the trial court to consider the evidence and to determine de novo what the facts establish. *Crestview Bowl, Inc. v. Womer Constr. Co.,* 225 Kan. 335, Syl. ¶ 1, 592 P.2d 74 (1979).

Appellant argues that he did not pay the note but purchased the endorsement and delivery of it and therefore he is a holder as defined by K.S.A. 84-1-201(20), and that the Uniform Commercial Code does not restrict or limit his rights to collect from the comaker by an action based upon the note. The argument lacks merit.

The general rule as set forth in C.J.S. is:

"[P]ayment in due course of a promissory note by one of several joint makers to the payee or holder extinguishes the instrument and discharges the liability of the other makers thereon.

"Where a payment on a note due has been made by a joint promisor, it cannot be revoked by an arrangement between him and the payee so as to revive it against the other parties.

.  .  .  .

"Because payment by one joint maker discharges the instrument  .  .  .  the joint maker who makes the payment cannot sue his comakers on the note, an assignment or indorsement of it to him by the payee not resuscitating it or vitalizing it in his hands as against his comaker. The remedy of the maker making the payment in such case is to sue for contribution,  .  .  ." 10 C.J.S., Bills and Notes § 449, pp. 985-986.

See also 11 Am. Jur. 2d, Bills and Notes § 911, p. 955. This rule is continued under the Uniform Commercial Code as adopted in Kansas. K.S.A. 84-3-601(3) provides in part:

"The liability of all parties is discharged when any party who has himself no right of action or recourse on the instrument
(*a*) reacquires the instrument in his own right;  .  .  ."

In the case at bar, it is clear that Litwin, as a comaker, is a party "who has himself no right of action or recourse" on the note.

Two authorities in the area of Uniform Commercial Code law support the theory relied upon by the trial court and appellee in this case. In interpreting subsection (a) of code section 3-601(3), (K.S.A. 84-3-601[3]), 3 Anderson Uniform Commercial Code § 3-601:16, p. 103 (2d ed. 1971), states ".  .  .  the indorsement and delivery of a negotiable promissory note by the payee to one of several joint and several makers after maturity and for valuable consideration completely extinguishes the obligation of the note."

2 Bender's Uniform Commercial Code Service § 5.04[1], p. 5-13, (1972) analyzes U.C.C. § 3-601(3) as follows:

"Unless the maker is in fact a surety for another party to the instrument, such as an anomalous endorser against whom he has recourse, his payment to the holder in exchange for the canceled note discharges not only his own obligation but also that of all other parties to the instrument."

The same conclusion was reached in *Jacobson v. Federal Deposit Ins. Corp.,* 407 F. Supp. 821 (S.D. Iowa 1976), where it was held that:

"Under Iowa law, 'a negotiable instrument is discharged when the principal debtor becomes the holder thereof at or after maturity in his own right.' *Hamilton v. Bethel,* 256 Iowa 1357, 131 N.W.2d 445 (1964)." p. 827.

See also *Caldwell v. Stevenson,* 567 S.W.2d 278 (Tex. Civ. App. 1978); *Best Fertilizers of Arizona, Inc. v. Burns,* 116 Ariz. 492, 570 P.2d 179 (1977); *Gibbons v. Sommers,* 80 Ohio L. Abs. 30, 155 N.E.2d 521 (1957); and *Gillham v. Troeckler,* 304 Ill. App. 596, 26 N.E.2d 413 (1940).

Payment to the payee bank of the full amount of the note by one of the comakers constituted *payment on the note* and not the purchase thereof and the note has been discharged. For appellant's theory that he is a holder entitled to sue on the note to be valid, he would have had to execute the note as an accommodation party (K.S.A. 84-3-415[5]), indorser (K.S.A. 84-3-414[2]) or guarantor (K.S.A. 84-3-416). Appellant agrees he executed the note as a comaker, and as the payee has received payment in full, Litwin as a comaker has no cause of action on the note.

We have carefully considered all of appellant's arguments and authorities and do not find them to be persuasive or controlling. While it is unfortunate that Mr. Barrier has seen fit to renege on what appears on its face to have been a valid obligation, Mr. Litwin has waited too long to enforce that obligation.

When appellant paid the note, appellee was discharged from his liability *on the note.* He was, however, still liable to appellant under the theory of contribution. It is well established in Kansas that a cause of action for contribution is considered an implied contract not in writing and is governed by the three-year statute of limitations. *Masheter v. Lanning,* 151 Kan. 604, 100 P.2d 682 (1940), and *Mentzer v. Burlingame,* 78 Kan. 219, 97 Pac. 371 (1908).

The three-year statute of limitations commenced to run on the

date that the payment of the common debt was made (*Masheter v. Lanning,* 151 Kan. at 607). In the case at bar that date was October 30, 1972. The case was filed on July 29, 1977, considerably more than three years later. The trial court properly found that appellant's claim is unenforceable as a matter of law.

The judgment is affirmed.