Bohn, J.
In this action, the plaintiffs.seek to recover the face value of a promissory note in the amount of $20,000, plus interest from the date of maturity at the rate of 30 per cent. The trial court awarded damages to the plaintiffs for the $20,000.00, plus interest at the rate of 30 per cent in the amount of $28,128.84. The defendant is now before this Court on a claim of error in the trial court’s disposition of his requests for rulings of law.
The relevant facts reported to this Court are as follows: Prior to May 5,1980, defendant Robert E. Tolley and plaintiff William H. Rood were officers in Communications General Corporation, an investment business. On that date, Tolley and William Rood borrowed $20,000.00 from one Joseph V. Stuart for the purpose of paying certain corporate debts. In consideration of that loan, Tolley and both Roods executed a 90-day note made payable to Stuart in the amount of $20,000.00 with interest on the unpaid balance at the rate of twenty-four per cent per annum before default and thirty per cent per annum after default. The note was secured by a mortgage on the residential property of the Roods which, at the time, was registered only in the name of plaintiff Patricia A. Rood, William’s wife.
At the expiration of 90 days, the note matured. For some time thereafter, the corporation or the Roods paid interest on the note to Stuart and he forebore any effort to collect the amount due. Eventually, however, the interest payments ceased and, because the principal had not been paid, Stuart began foreclosure proceedings against the Roods’.marital residence. In response, and in order to save their home from foreclosure, the Roods paid Stuart the $20,000.00 plus $4,690.98 interest which had accrued to that date.
After the Roods paid Stuart the principal and interest due on the note, Stuart purportedly “assigned” his rights under the note to them by .way of a notorized instrument labelled “Assignment of Promissory Note.” Subsequently, the Roods filed this action in Middlesex Superior Court seeking to recover the, $20,000.00 paid to Stuart plus interest on that principal amount at the rate of 30 per cent from the date the note had become due. On December 18,1986, the case was transferred to the district court for trial. On July 7, 1987, the judgment was entered from which defendant’s appeal is taken.
*2 In their complaint, and in their argument before this Court, the plaintiffs contend that they brought their complaint as assignees of the note to them from Stuart. In effect they argue that, as a result of paying the note, they stand in Stuart’s shoes vis-a-vis defendant Tolley. For his part, Tolley argues that once the plaintiffs had paid the note, there was nothing to assign. Further, Tolley argues that even if some rights or obligations of the parties survived the note, the plaintiffs obtained none of those rights because the assignment, if any, was not accompanied by any consideration. Finally, the defendant argues that the trial court erred in failing to adopt a ruling entered previously by a superior court judge on a motion for partial summary judgment which effectively limited any interest on the note to 20per cent, that is, the maximum percentage rate allowed by Massachusetts General Laws Chapter 271, §49.
It is not necessary to discuss in detail all of the defendant’s requests for rulings of law, the trial court’s response to those requests or the arguments of the parties. It is the opinion of this court that, for the single reason described below, the judgment of the trial court must be reversed.
As a general rule, the liability of all parties to a negotiable instrument is discharged when any party who himself has no right of action or recourse on the instrument either (a) reacquires the instrument in his own right, or (b) is discharged under some provision of Article 3 of the Massachusetts Uniform Commercial Code. See G.L. c.106, §3-601(3) (b). This rule states the general principle that “All parties- to an instrument are discharged when no party is left with rights against any other party on the paper,” See UNIFORM COMMERCIAL CODE; G.L. c.106, §3-601 Comment 3. (emphasis added).
. In the present case, the report of the trial court shows unequivocally that the Roods and defendant Tolley were co-makers on the note made payable to Stuart, that is, that they had each agreed to pay the instrument according to its terms. See G.L. c.106, §3-413(1). First, the report notes that the “(T)wo Plaintiffs and the Defendant executed a Ninety (90) Day promissory note which was secured by the residence of one of the Plaintiffs.” Second, the note itself, attached to the report as Exhibit 2, begins with the statement that: “For value received, the undersigned, Patricia A. Rood, William H. Rood and Robert E. Tolley, jointly and severally, promise to pay to the order of Joseph V. Stuart... the principal sum of Twenty Thousand ($20,000.00) Dollars with interest... .’’And third, the names of the three appear on separate lines at the lower right of the note’s final page, a place customarily reserved for the signature of makers. See Guiness Import Company v. DeStefano, 25 Mass. App. Ct. 366, 367 (1988); First Safety Fund National Bank v. Friel, 23 Mass. App. Ct. 583, 584-585 (1987). As co-makers of the note, none of the three had any right of action or recourse against the other on the instrument.- See UNIFORM COMMERCIAL CODE, G.L. c.106, §3-601, Comment 4. See also Litwin v. Barrier, 626 P.2d 1232, 1235 (Kan., 1981). Compare G.L. c.3-415(5).
The report of the trial judge also shows unequivocally that the plaintiffs paid the full amount of the note at or shortly after the date of its maturity plus all interest then due. Such payment discharged the plaintiffs from their liability on the note as provided for by G.L. c.106, §3-603(1), triggered the provisions of G.L. 106, §3-601(3) and, consequently, discharged the liability of defendant Tolley as well. Accord, Roark v. Hicks, 362 S.E. 2d 711, 715 (Va., 1987)] Seigler v. Ginther, 680 S.W. 2d 886, 890 (Texas, 1984); Litwin v. Barrier, 626 P. 2d 1232, 1235 (Kan., 1981); cf. City Bank & Trust Co. v. Cooley, 56 Mass. App. Dec. 192 (1975). (Discharge of a surety).
The plaintiffs’ argument to the effect that they purchased the note from Stuart and thereby became holders in due course is without merit. In order to *3 enjoy the status of a holder in due course, a holder must have taken an instrument for value, in good faith and without notice that it is overdue or has been dishonored or of any defense against it or claim to it on the part of any person. See G.L. c. 106, §3-302(1). In the present case, the plaintiffs acquired the note by paying the debt owed on the note itself, that is, by performing a pre-existing legal duty. Such performance does not constitute consideration sufficient to meet the “for value” requirement for acquiring the status of a holder in due course. See Sloan v. Burrows, 357 Mass. 412, 415 (1970); Swartz v. Leiberman, 323 Mass. 109, 112 (1948). Further, the plaintiffs did not become holders in due course because they had knowledge of possible defenses against enforcement of the instrument, most obvious of which was the fact that they had paid the note, thus discharging their liability on the instrument as well as the liability of the co-maker, Tolley. Plaintiffs simply could not acquire the status and protections of a holder in due course, particularly with respect to the co-maker on the note, the liability of whom they had discharged simultaneously with their own.
For the reasons stated above, the judgment of the trial court is reversed. Judgment is to enter for the defendant. ,