778 P.2d 1276

**James R. and Mary E. PUZ, husband and wife, and Lucille Wells (f/k/a Lucille M. Tracy), Appellants,**

v.

**Joseph and Grace MARTIN, husband and wife, Colleen Martin (f/k/a Colleen McDonald), Hirsh & Bayles, P.C., Law Offices of William J. Risner and William J. Risner, Appellees.**

No. 2 CA–CV 88–0380.

Court of Appeals of Arizona, Division 2, Department A.

June 20, 1989.

Alex Mahon, Tucson, for appellants.

John M. Sando, Tucson, for appellees Martin.

Stompoly & Stroud by L. Anthony Fines, Tucson, for appellees Risner and Hirsh & Bayles.

## OPINION

LIVERMORE, Presiding Judge.

On June 15, 1972, the community of Richard and Colleen McDonald borrowed money from the estate of Richard's father. The debt was secured by a mortgage on the McDonald's house and they jointly and severally signed a promissory note. The note was due on May 24, 1979. On July 10, 1978, the father's estate was distributed to Richard. Thereafter on March 5, 1983, Richard assigned the note and mortgage to another person. (This assignment was invalidated as a fraudulent conveyance.) On March 6, 1983, a dissolution settlement agreement was signed by Richard and Colleen in which the house was given to Col-

leen on the understanding that she would sell it and upon sale "fulfill all outstanding obligations secured by said real property, including obligations in favor of Husband." Plaintiffs James and Mary Puz, judgment creditors of Richard, seek to recover the amount due under the note and appeal from a judgment finding the note unenforceable because of the doctrine of merger and the bar of the statute of limitations. We affirm.

A.R.S. § 47–3601(C)(1) provides that the liability of all obligors on a note is discharged when any obligor "[r]eacquires the instrument in his own right." The obligation of Colleen on the note, therefore, was extinguished when Richard acquired it by distribution from his father's estate. *See Siegler v. Ginther,* 680 S.W.2d 886 (Tex.Civ.App.1984); *Litwin v. Barrier,* 6 Kan.App.2d 128, 626 P.2d 1232 (1981).[1] The mortgage was also discharged. *Best Fertilizers, Inc. v. Burns,* 116 Ariz. 492, 570 P.2d 179 (1977). The promise in the dissolution agreement to pay all outstanding obligations does not apply because this obligation no longer existed. There was no evidence before the trial court that the dissolution promise applied to the no longer enforceable note.

Affirmed. Appellees are awarded their attorney's fees on appeal in an amount to be determined upon filing the statement required by Ariz.R.Civ.App.P. 21, 17B A.R.S.

HATHAWAY and HOWARD, JJ., concur.

---

1. *Hawkland & Lawrence UCC Series* § 3–601.04 (Article 3) (1984) criticizes these cases and argues that an action against a co-obligor ought to lie under the note and not simply by way of an action for common law contribution. The prob- lem with this criticism is that it renders the statutory language meaningless because the liability that the statute says is discharged would not be discharged.