(690 P.2d 394)
No. 56,455

FORREST E. LINDSEY, *Appellee,* v. U. R. ZELLER, *Appellant.*

Opinion filed November 15, 1984.

*Emily Kofron* and *Lowell C. Paul,* of Legal Aid Society of Topeka, Inc., for appellant.

*Patrick R. Barnes,* of Scott, Quinlan & Hecht, of Topeka, for appellee.

Before PARKS, P.J., BRISCOE, J., and JEROME HARMAN, Chief Judge Retired, assigned.

HARMAN, C.J. Retired: This is an appeal from an order granting summary judgment to appellee Forrest Lindsey against appellant U. R. Zeller for one-half the amount which Lindsey advanced in full payment of a promissory note which the two had cosigned in behalf of Zeller's son Larry and Lindsey's daughter, who was Larry's wife. The issue is whether a three-year or a five-year statute of limitations governs the action.

In early September 1979, Larry Zeller negotiated for a loan from a Topeka bank. Appellant Zeller and appellee Lindsey agreed to cosign the note to enable him to obtain it. September 5, 1979, Larry and his wife and their fathers signed the note for $20,500 which was due and payable in one month.

According to appellee he and appellant agreed each would be responsible for half of the debt if Larry failed to pay the note. Appellee says he signed the note as an accommodation to enable Larry to get the loan and never intended to be a principal on it. Larry failed to pay the note. When appellant refused to pay his half, appellee paid the entire loan in a series of three payments which were completed February 4, 1980. The bank then assigned all its rights and interest in the note to appellee.

Appellee commenced this suit March 15, 1983, seeking payment of one-half the amount he paid, with interest. Motions were filed by both sides, resulting ultimately in summary judgment for appellee. The court found appellee had signed the note as an

accommodation party who has the rights of a surety and thus was subrogated to the rights of the bank on the note. Since the bank's rights were on the note, appellee also had a right to sue on it, and the action was governed by the five-year statute of limitations stated in K.S.A. 60-511(1). It was not necessary for the court to address appellee's further claim for relief based on promissory and equitable estoppel.

K.S.A. 84-3-415(1) provides:

"An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it."

The official UCC comment to K.S.A. 84-3-415 provides in pertinent part:

"1. Subsection (1) recognizes that an accommodation party is always a surety (which includes a guarantor), and it is his only distinguishing feature. He differs from other sureties only in that his liability is on the instrument and he is the surety for another party to it."

In *Farmers State Bank v. Cooper*, 227 Kan. 547, 608 P.2d 929 (1980), the court determined that the defendant, who was designated on the notes as "co-signer" or "co-maker," was in fact an accommodation maker. The court stated:

" 'The intention of the parties is the significant element in determining whether a party is an accommodation party and the identity of the party accommodated.' 2 Anderson, The Uniform Commercial Code § 3-415:9 (2d ed. 1971). Except as to holders without notice, accommodation status may be established by parol evidence when the note does not disclose the party's status. K.S.A. 84-3-415(3).

"Two primary factors are indicative of accommodation status: (1) no benefits from the proceeds of the instrument are received by the accommodation party, and (2) the signature is needed by the maker to acquire the loan. See annotation, *Who is Accommodation Party*, 90 A.L.R.3d 342 (1979)." 227 Kan. at 553.

Appellee here meets both the proceeds and purpose tests and the trial court properly found that he signed as an accommodation party.

K.S.A. 84-3-415(5) provides:

"An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party."

Official UCC Comment (5) to this section adds:

"Under ordinary principles of suretyship the accommodation party who pays is subrogated to the rights of the holder paid, and should have his recourse on the instrument."

Appellant argues that the nature of the action is contribution for which a three-year statute is prescribed, citing *Litwin v. Barrier*, 6 Kan. App. 2d 128, 626 P.2d 1232 (1981). There Litwin and Barrier were co-makers of a note, later paid by Litwin. The obligee bank executed a written assignment to Litwin on the back of the note. Litwin sued Barrier for one-half the amount he had paid. The parties agreed they had executed the note as co-makers and not in any other capacity. This court held that the action was one for contribution under K.S.A. 60-2413 and that such a claim is considered an implied contract not in writing and is governed by the three-year statute of limitations stated in K.S.A. 60-512, obligations expressed or implied, but not in writing.

Appellee signed here not as a co-maker but as an accommodation party. *Litwin* clearly implies that an accommodation party would be entitled to sue on the note. 6 Kan. App. 2d at 131.

Rights of contribution may be based on an implied contract or on a written contract. See 18 C.J.S., Contribution § 2.

Appellant asserts that *Blitz v. Metzger*, 119 Kan. 760, 769, 241 Pac. 259 (1925) requires that appellee establish his reimbursement rights within the three-year period. Without further discussion of the matter, we believe, that with the advent of the UCC, the validity of the *Blitz* holding is questionable.

K.S.A. 84-3-603(2) provides:

"Payment or satisfaction may be made with the consent of the holder by any person . . . . Surrender of the instrument to such a person gives him the rights of a transferee."

K.S.A. 84-3-201 provides:

"(1) Transfer of an instrument vests in the transferee such rights as the transferor has therein. . . ."

Under these provisions the rights of a transferee are established by statute and appellee was not required to establish a right to subrogation in the courts within the three-year statutory period.

Appellant next asserts that K.S.A. 84-3-415(5) gives an accommodation party who pays a right of recourse on the instrument, but only against the party accommodated, citing *Daigle v. Chaisson*, 396 So. 2d 573, 576 (La. App. 1981). *Halpin v. Frankenberger*, 231 Kan. 344, Syl. ¶ 4, 644 P.2d 452 (1982) makes it clear this is not the law in Kansas:

"A surety or guarantor, on paying the debt of the principal, is entitled to be subrogated to the rights of the creditor in all or any of the securities, means or remedies which the creditor has for enforcing payment against the principal debtor or against other sureties or guarantors."

Appellant's final argument asserts that when the note was paid the bank had no right to sue, ergo it had no right to sue on the note and therefore could assign no rights to appellee. In effect this argument has already been addressed. When appellee paid the note he obtained the right to sue either the maker or other sureties on the note. The trial court correctly determined that the suit was timely filed, no material facts were in dispute and entry of summary judgment was proper.

Judgment affirmed.