# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHER ADAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-06-189 JRJ |
| | ) | |
| MIGUEL ADAMES and CHARLES NOONAN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Date Submitted: March 2, 2020
Date Decided: June 5, 2020

*Upon Defendant/Counterclaim Defendant Charles Noonan's Motion to Dismiss Counterclaim of Miguel Adames*: **GRANTED.**

Joshua J. Inkell, Esquire, Hudson & Castle Law, LLC, 2 Mill Road, Suite 202, Wilmington, Delaware 19806, Attorney for Plaintiff.[1]

Theodore J. Segletes, III, Esquire, Law Offices of Chrissinger & Baumberger, 3 Mill Road, Suite 301, Wilmington, Delaware 19806, Attorney for Defendant/Counterclaim Plaintiff Miguel Adames.

Robert M. Greenberg, Esquire, Tybout, Redfearn & Pell, 750 Shipyard Drive, Suite 400, Wilmington, Delaware 19899, Attorney for Defendant/Counterclaim Defendant Charles Noonan.

**Jurden, P.J.**

---

[1] Plaintiff Cher Adames takes no position in this Motion to Dismiss.

## I. BACKGROUND[2]

This lawsuit arises from a motor vehicle accident on June 24, 2017, in which Defendant/Counterclaim Plaintiff Miguel Adames's ("Miguel") vehicle collided with Defendant/Counterclaim Defendant Charles Noonan's ("Noonan") vehicle.[3] On June 20, 2019, Plaintiff Cher Adames ("Cher"), a passenger in Miguel's vehicle, filed suit against Miguel and Noonan, alleging their negligence caused the accident and Cher sustained personal injuries as a result.[4] Miguel answered the Complaint and asserted a counterclaim (the "Counterclaim") against Noonan for personal injuries sustained in the June 24, 2017 accident.[5]

Noonan now moves to dismiss the Counterclaim, arguing it is procedurally barred because it was filed after Delaware's two-year statute of limitations for a personal injury claim ran.[6] In opposition, Miguel asserts that Noonan cannot avail himself to the statute of limitations defense because Noonan's insurer —USAA Casualty Insurance Company ("USAA") — never provided Miguel with notice of

---

[2] The Court uses Cher Adames's and Miguel Adames's first names in pursuit of clarity. The Court intends no familiarity or disrespect.

[3] Defendant/Counter-Plaintiff Miguel Adames's Answer to the Complaint with Cross and Counter Claims ("Countercl. Against Noonan") ¶ 3, (Trans. ID. 64323440).

[4] Compl. ¶¶ 11–14, (Trans. ID. 63384074).

[5] Countercl. Against Noonan ¶¶ 1–8.

[6] Counterclaim Defendant Charles Noonan's Motion to Dismiss Counterclaim of Miguel Adames ("Mot. Dismiss") ¶ 3, (Trans. ID. 64624251).

the two-year statute of limitations as required under Delaware's Insurance Code.[7] Miguel further asserts that the Counterclaim is permissible because it arises out of the "same transaction or occurrence," and therefore, the statute of limitations is tolled.[8]

## II. STANDARD OF REVIEW

"A motion to dismiss is the proper vehicle for a statute of limitations defense where the pleading itself demonstrates that the claim was brought after the statutory period has run."[9] For purposes of such a motion, the Court will accept the factual allegations set forth in the opposing party's pleading as true.[10] Counterclaims are affirmative actions and, consequently, are subject to the applicable statute of limitations.[11] In Delaware, the applicable statute of limitations of a personal injury

---

[7] Defendant/Counter-Plaintiff's Response to Motion to Dismiss ("Response") ¶¶ 15–17, (Trans. ID. 64733409). *See* 18 *Del. C.* § 3914, which provides:

> An insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing claimant of the applicable state statute of limitations regarding action for his or her damages.

[8] Response ¶ 14.

[9] *Wilson v. Kirlin*, 2011 WL 1465576, at *1 (Del. Super. Ct. Apr. 15, 2011) (citing *Brooks v. Savitch*, 576 A.2d 1329, 1330 (Del. Super. Ct. 1989)).

[10] *Id.*

[11] *Id.* (citing *Am. Home Products Corp. v. Norden Laboratories, Inc.*, 1992 WL 368604, at *3 (Del. Ch. Dec. 11, 1992) ("A counterclaim is equivalent to an affirmative action brought by a litigant.")).

or property damage claim is two years.[12]  This statute applies unequivocally to any 'action' for personal injuries and there is no exception to the bar imposed.[13]

## III.  DISCUSSION

Regardless of whether USAA notified Miguel of the applicable statute of limitations,[14] Noonan is entitled to assert the statute of limitations defense against Miguel's Counterclaim because the statutory duty to provide such notice is upon the insurer, not the tortfeasor.[15]  Accordingly, the Court will review the Counterclaim to determine whether such affirmative defense applies.

Upon review of the allegations set forth in the Counterclaim, the Court finds that Miguel is seeking affirmative relief from Noonan for personal injuries sustained in the June 24, 2017 motor vehicle accident.[16]  Therefore, the Counterclaim is an "action" and subject to the two-year statute of limitations.[17]  Because Miguel filed

---

[12] 10 *Del. C.* § 8107 ("No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained.").

[13] *Di Norscia v. Tibbett*, 124 A.2d 715, 716 (Del. Super Ct. 1956) (quotations omitted).

[14] The Court notes that in his Reply brief, Noonan submitted a copy of USAA's July 20, 2017 letters addressed to Miguel Adames informing him the deadline to file a lawsuit for his bodily injury and property damage claims was June 24, 2019.  *See* Defendant Charles Noonan's Reply, Ex. A, (Trans. ID. 64777799).

[15] *See O'Brien v. Supervalu, Inc.*, 2015 WL 5719825, at *3 (Del. Super. Ct. Sept. 23, 2015) (explaining a defendant who is neither an insurance company nor self-insurer is not required to provide notice under 18 *Del. C.* § 3914); *see also Lambert v. 24.7 Fitness Studio, LLC*, 2018 WL 2418385, at *4 (Del. Super. Ct. May 29, 2018) ("[T]he failure of the insurer to provide notice [under Section 3914] does not affect the tortfeasor's entitlement to assert the statute of limitations as a defense.").

[16] Countercl. Against Noonan ¶¶ 1–8.

[17] *See Sines v. Wyatt*, 281 A.2d 499, 501 (Del. Super. Ct. 1971).

the Counterclaim more than two years after the date of the motor vehicle accident, the Counterclaim is barred by the statute of limitations. Consequently, the Counterclaim is dismissed and Defendant/Counterclaim Defendant Charles Noonan's Motion to Dismiss is hereby **GRANTED**.

    **IT IS SO ORDERED.**

*Jan R. Jurden*

———————————————————
Jan R. Jurden, President Judge

cc: Prothonotary