# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| **ROLAND C. ANDERSON**, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. N23C-08-065 PRW |
| | ) |
| **GENERAL MOTORS, LLC**, | ) |
| | ) |
| Defendant. | ) |

Submitted: July 31, 2024
Decided: August 20, 2024

*Upon Plaintiff's Motion for Default Judgment,*
**DENIED**.

*Upon Defendant's Motion to Dismiss,*
**GRANTED**.

## <u>ORDER</u>

This 20th day of August, 2024, upon consideration of Plaintiff Roland C. Anderson's motion for default judgment[1] and Defendant General Motors, LLC's motion to dismiss,[2] it appears to the Court that:

(1)    The facts surrounding this case are well-known to this Court and many others due to Mr. Anderson's litigious efforts.[3]  Mr. Anderson was employed by

---

[1]   D.I. 20 ("Pl.'s Mot. for Def. Judgment").

[2]   D.I. 34 ("Def.'s Mot.").

[3]   The Court necessarily takes judicial notice of adjudicated facts from Mr. Anderson's past and ongoing litigation in this state's courts. *See Fawcett v. State*, 697 A.2d 385, 388 (Del. 1997) ("A court may take judicial notice of a fact if that fact is 'not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

General Motors in 1981 and 1982 for a period totaling a little more than five months. Fifteen years later, Mr. Anderson filed a claim with the Industrial Accident Board ("IAB") alleging that he experienced a work-related injury during that period. The IAB dismissed Mr. Anderson's claim as time-barred by the statute of limitations. Mr. Anderson then appealed in this Court. On appeal, this Court and later the Delaware Supreme Court upheld IAB's dismissal of the case.[4] Yet, even more lawsuits stemming from the same alleged denial of benefits ensued.[5]

(2) In August 2023, Mr. Anderson initiated the present action *pro se*. Mr. Anderson's complaint replicates a "Charge of Discrimination" (the "Charge") filed with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC") in March 2023.[6] In his Charge, Mr. Anderson says he received a letter from General Motors indicating that he was on a "disability leave of absence" and that he was "not eligible for medical benefits because he did not satisfy the sixth (6th) month service requirement."[7] Mr. Anderson thus claims

---

questioned.'" (quoting D.R.E. 201(b))).

[4] *See Anderson v. Gen. Motors Corp.*, 1999 WL 1568332, at *1 (Del. Super. Ct. Oct. 6, 1999), a*ff'd*, 748 A.2d 406 (Del. 2000).

[5] *See, e.g.*, *Anderson v. Gen. Motors Corp.*, 548 F. Supp. 2d 123 (D. Del. 2008), *aff'd sub nom. Anderson v. Gen. Motors*, 2009 WL 237247 (3d Cir. Feb. 3, 2009); *Anderson v. Gen. Motors LLC*, 2019 WL 4393177 (D. Del. Sep. 13, 2019); *Anderson v. Gen. Motors, LLC*, 2019 WL 2651104 (Del. Super. Ct. June 27, 2019), *aff'd*, 2020 WL 2095828 (Del. Apr. 29, 2020), *reh'g denied*, (May 15, 2020).

[6] Compl. In May 2024, the EEOC dismissed the Charge as untimely.

[7] *Id*.

that General Motors "den[ied] his medical benefits because of [t]he perceived Race and Disability" in violation of the Delaware Workers' Compensation Act.[8] According to Mr. Anderson, General Motors "fail[ed] to properly compensate him . . . as related to his work-related injury[.]"[9]

(3)     Attached to the Complaint is the EEOC's "Determination And Notice of Rights", which dismisses the Charge as "not filed within the time limits under the law . . . ."[10]     That determination included a right to sue notice, informing Mr. Anderson of his right to file a lawsuit against General Motors "on this charge under federal law" within 90 days of receipt.[11]

(4)     Presumably following that notice's instructions, Mr. Anderson brought the Charge to this Court.[12]  Mr. Anderson asks for damages owed for his alleged decades-past work injury under his discrimination claim.[13]  Soon after filing his complaint, Mr. Anderson moved for default judgment against General Motors for failing to respond.[14]  The Court denied that motion because proper service had not

---

[8]  *Id.*

[9]  *Id.*

[10]  Compl., Ex. 1 (EEOC Determination and Notice of Rights) (D.I. 6).

[11]  *Id.*

[12]  It's worth noting that, notwithstanding the EEOC Determination and Notice of Rights specifically speaking to Mr. Anderson's right to sue "under federal law," he decided again to file another state court action. *See id.*

[13]  *See* Compl., Ex. 2 (Letter to Superior Court Clerk).

[14]  D.I. 16.

yet been perfected.[15]  An "Amended Summons and Complaint" was then served on General Motors.[16]

(5)   General Motors now moves to dismiss Mr. Anderson's complaint.[17] General Motors says that Mr. Anderson failed to properly effectuate service under Civil Rule 4.[18]  And General Motors contends that Mr. Anderson fails to state an actionable claim.[19]  Specifically, General Motors says that Mr. Anderson hasn't exhausted administrative remedies, has filed this action in the wrong court, and the claims are time-barred under the applicable statute of limitations.[20]  General Motors also posits that Mr. Anderson's claims are precluded under the doctrine of *res judicata*.[21]

(6)   Mr. Anderson, through multiple filings[22] and a series of letters,[23] opposes General Motors' motion.  According to Mr. Anderson, General Motors'

---

[15]  D.I. 17.

[16]  D.I. 19; *see* Def.'s Mot., Ex. F ("Am. Compl.").

[17]  *See generally* Def.'s Mot.

[18]  *Id*. at 6-8.

[19]  *Id*.

[20]  *Id*.

[21]  *Id*. at 8-10.

[22]  *See* D.I. 36 (Mr. Anderson's "Notice of Motion to-and Respond to G.M. Motion"); D.I. 43 (Mr. Anderson's "Response to GM's Motion"): D.I. 45 (Mr. Anderson's "Response to GM Introduction").

[23]  *See* D.I. 51 (Letter to Judge Wallace from Pro Se Plaintiff Roland Anderson); D.I. 55 (Letter from Pro Se Plaintiff Roland Anderson to Judge Wallace).

failure to respond to this newest complaint prevents Rule 12(b)(6) dismissal.[24]  And to counter, Mr. Anderson again moves for default judgment against General Motors for that same failure to respond.[25]

(7)     "Under Superior Court Civil Rule 12(b)(6), the legal issue to be decided is, whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[26]  Under that Rule, the Court will: (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) not dismiss the claims unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[27]  "If any reasonable conception can be formulated to allow Plaintiff['s] recovery, the motion must be denied."[28]  This is because "[d]ismissal is warranted [only] where the plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation

---

[24]  *See* D.I. 43.

[25]  D.I. 20.  Mr. Anderson's second default judgment motion was subsequently withdrawn. *See* D.I. 31 (Mr. Anderson's "Notice of Motion to Withdraw Default Judgment").  But Mr. Anderson apparently wants to revive it. *See* D.I. 37 (Mr. Anderson's "Notice of Entry For Default Judgment"); D.I. 36 (Mr. Anderson arguing for default judgment); D.I. 43 (same); D.I. 45 (same). For completeness, the Court will address Mr. Anderson's default judgment argument.

[26]  *Vinton v. Grayson*, 189 A.3d 695, 700 (Del. Super. Ct. 2018) (quoting *L&L Broad. LLC v. Triad Broad. Co., LLC*, 2014 WL 1724769, at *2 (Del. Super. Ct. Apr. 8, 2014)).

[27]  *Id.* (quoting *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011)).

[28]  *Id.* (citing *Cent. Mortg. Co.*, 27 A.3d at 535); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

of the facts alleged could the complaint state a claim for which relief might be granted."[29]

(8) The Court addresses the case-dispositive statute of limitations question first. A party raising a statute of limitations defense may do so in a motion to dismiss when the pleading itself shows that the action was not brought within the statutory period.[30] The Court accepts the allegations contained in the opposing party's pleading as true for purposes of such a motion.[31]

(9) Here, Mr. Anderson baldly insists without much expansion that the denial of his workers' compensation claim was an act of employment discrimination by General Motors. But even when merited, a charge of discrimination must be initially filed with the DDOL "within 300 days of the alleged unlawful employment practice or its discovery."[32] Here, the alleged unlawful employment practice wasn't within the last 300 days—it was many years ago.[33] Mr. Anderson's claim is thus

---

[29] *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super. Ct. Aug. 20, 2004) (citation omitted).

[30] *Wilson v. Kirlin*, 2011 WL 1465576, at *1 (Del. Super. Ct. Apr. 15, 2011) (citing *Brooks v. Savitch*, 576 A.2d 1329, 1330 (Del. Super. Ct. 1989)).

[31] *Id.*

[32] DEL. CODE ANN. tit. 19, § 712(c)(1) (2024).

[33] Mr. Anderson's Charge maintains that he received a letter from General Motors saying that he was on a "disability leave of absence" within five months of his filing. But he offers no proof of such a letter. And even were he to provide such a letter, the discrimination in question would still stem from a purported discriminatory withholding of allegedly due workers' compensation that occurred years ago. On the most forgiving read, the suggestion that occurred is conclusory with no reasonably derivable inference to be gleaned from Mr. Anderson's pleadings. *See Pfeffer v. Redstone*, 965 A.2d 676, 683 (Del. 2009) (on a motion to dismiss for

time-barred under the applicable statute of limitations.

(10) That threshold question could end the inquiry. But the Court also addresses the service of process issue with reference to Mr. Anderson's motion for default judgment. Under Superior Court Civil Rule 4, "[t]he process, complaint, and affidavits, if any, shall be served together"—and for a corporation, that service must be perfected "by delivering copies of the summons complaint, and affidavit, if any[.]"[34] Too, "[a] return showing proper service upon the defendant is a necessary prerequisite to the granting of a default judgment."[35]

(11) After the Court denied Mr. Anderson's initial motion for default judgment due to his failure to perfect service, Mr. Anderson filed what he fashioned an "Amended Summons and Complaint" on General Motors.[36] But that complaint differs from the operative complaint in both form and substance.[37] As such, it appears that Mr. Anderson never served General Motors with the docketed complaint for which he seeks judgment by default. Mr. Anderson's failure to

---

failure to state a claim, courts "need not accept conclusory allegations as true and accept only truly reasonable inferences" (citing *Feldman v. Cutaia*, 951 A.2d 727, 731 (Del. 2008) and *Solomon v. Pathe Commc'ns Corp.*, 672 A.2d 35, 38 (Del. 1996))).

[34] Del. Super. Ct. Civ. R. 4(c), (f).

[35] *Keith v. Melvin L. Joseph Const. Co.*, 451 A.2d 842, 845 (Del. Super. Ct. 1982) (citing *Richards v. Hamon*, 178 A.2d 140, 143-44 (Del. 1962)); *see also TecSyn PMP, Inc. v. Aerometals, Inc.*, 1994 WL 145990, at *3 (Del. Super. Ct. Mar. 15, 1994).

[36] *See* Am. Compl.

[37] *Compare id.*, *with* Compl.

properly effectuate service of process on General Motors in accordance with Civil Rule 4's procedural guidelines renders his claim dismissible and precludes his prayer for default judgment.

(12) In addition, Mr. Anderson's claim is barred by *res judicata*. In Delaware, the *res judicata* doctrine operates to prohibit a later-filed claim where:

> (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree.[38]

(13) In January of this year, Mr. Anderson filed a virtually indistinguishable complaint in this Court.[39] His complaint there contained the same Charge filed and relied upon here.[40] That complaint was dismissed on its face for being "legally frivolous" due to the statute of limitation's expiration.[41] Mr. Anderson attempted to reargue that dismissal twice,[42] was denied both times,[43] and appealed to the Delaware

---

[38] *RBC Cap. Markets, LLC v. Educ. Loan Tr. IV*, 87 A.3d 632, 643 (Del. 2014) (citing *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 192 (Del. 2009)).

[39] *See* C.A. No. N24C-01-002 CEB (Jan. 2024 Super. Ct. Action), D.I. 1 (Jan. 2024 Complaint).

[40] *Id.*

[41] *Id.*, D.I. 4 (Order Dismissing Complaint Upon Initial Review).

[42] *Id.*, D.I. 5 (First Reargument Motion); *id.*, D.I. 7 (Second Reargument Motion).

[43] *Id.*, D.I. 6 (Order Denying First Reargument Motion); *id.*, D.I. 11 (Order Denying Second Reargument Motion).

Supreme Court.[44] Just last month, the Supreme Court dismissed that appeal.[45] Since Mr. Anderson's previous action(s) in this Court decided the same issue—his failure to receive workers' compensation for an alleged injury that was supposedly incurred four decades ago during a short tenure with General Motors—that he reconstitutes now, Mr. Anderson's claims are barred by the doctrine of *res judicata*.

(14) In evaluating the latest filings, the Court is mindful of Mr. Anderson's *pro se* status. As a general matter, courts will construe a *pro se* litigant's submissions "in a favorable light to alleviate the technical inaccuracies typical in many *pro se* legal arguments but, barring extraordinary circumstances, procedural requirements are not relaxed for any type of litigant."[46] Mr. Anderson has failed to clear two procedural hurdles here, and one legal one. The statute of limitations has run, service of process hasn't been effectuated, and Mr. Anderson's claims are barred by *res judicata*. So, his claim must be dismissed.[47]

(15) Last, General Motors asks the Court to preclude Mr. Anderson from filing additional claims against it without leave of court. Under 10 *Del. C.* § 8803(e),

---

[44] *See Anderson v. General Motors LLC*, No. 67, 2024 (Del. Feb. 19 and 21, 2024) (Notices of Appeal).

[45] *Anderson v. General Motors LLC*, 2024 WL 3085080 (Del. June 20, 2024), *rearg. denied*, (July 3, 2024).

[46] *Wyatte v. Unemployment Ins. Appeals Bd.*, 2016 WL 552882, at *2 (Del. Super. Ct. Feb. 9, 2016) (cleaned up).

[47] *See Draper v. Medical Center of Delaware*, 767 A.2d 796, 799 (Del. 2001) ("There is no different set of rules for *pro se* plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate an unrepresented plaintiff.").

"[w]hen a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court."[48]   Any future claims from an enjoined litigant must be accompanied by an affidavit containing the certifications required by that section.[49]

(16)   Enjoining Mr. Anderson is most appropriate here.  Indeed, that same remedy has been issued by at least one other court against Mr. Anderson for substantially similar claims to these.[50]  The Court has spent considerable time and effort reviewing and untangling Mr. Anderson's numerous filings.  His repeated and increasingly obtuse and obsolete claims against General Motors, filed in multiple courts around the country—including this Court just months ago—have only served to waste judicial and party resources.  Mr. Anderson's frivolous lawsuits have crossed into malicious territory.[51]  As a result, he must be enjoined from filing suit or any new filings against General Motors Corporation or General Motors LLC relating to his early 1980s employ there without first seeking leave of the Court.[52]

---

[48]  DEL. CODE ANN. tit. 10, § 8803(e) (1996).

[49]  *See id*. (enumerating requirements).

[50]  *See Anderson*, 548 F. Supp. 2d at 127-28 (ordering Mr. Anderson to "obtain written permission from the Court" prior to submitting any new filings against General Motors Corporation relating to his employ there).

[51]  *See Jones v. Dover Behav. Health Sys.*, 2017 WL 3493118, at *1 (Del. Super. Ct. Aug. 9, 2017) ("A claim is malicious when 'designed to vex, injure or harass, or one which is otherwise abusive of the judicial process or which realleges pending or previously litigated claims.'" (quoting DEL. CODE ANN. tit. 10, § 8801(8) (2002)).

[52]  *See id.* at *2 (finding litigant's claim "malicious" and thus enjoining litigant from filing future claims without leave of court), *aff'd*, 183 A.3d 716 (Del. 2018); *see also Truist Bank v.*

The Court simply cannot and will not continue to invest scarce judicial resources to address Mr. Anderson's untimely and repetitive claims.

(17) To prevent future frivolous and malicious litigation, Mr. Anderson is enjoined from filing future claims or any new filings against General Motors Corporation or General Motors LLC in this Court without first obtaining the Court's leave pursuant to 10 *Del. C.* § 8803(e)'s requirements.[53] This does not affect Mr. Anderson's ability to file a Notice of Appeal of any of the rulings herein in the Delaware Supreme Court.[54]

**NOW, THEREFORE,** Plaintiff Roland C. Anderson's Motion for Default Judgment is **DENIED** and Defendant General Motors, LLC's Motion to Dismiss is

---

*Elad*, 2023 WL 8582664, at *3 (Del. Super. Ct. Dec. 11, 2023) (enjoining litigant for filing multiple frivolous actions and thus abusing the judicial process); *Noble v. QBE Ins. Co.*, 2018 WL 3689678, at *2 (Del. Super. Ct. July 30, 2018) (same); *State v. St. Louis*, 2017 WL 4005597, at *1 (Del. Super. Ct. Sept. 11, 2017) (same).

[53] Pursuant to 10 *Del. C.* § 8803(e), any future requests submitted to the Prothonotary to file claims in this Court must be accompanied by an affidavit certifying that:

> (1) The claims sought to be litigated have never been raised or disposed of before in any court;
>
> (2) The facts alleged are true and correct;
>
> (3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
>
> (4) The affiant has no reason to believe the claims are foreclosed by controlled law; and,
>
> (5) The affiant understands that the affidavit is made under penalty of perjury.

[54] *But see Jones v. Capiro*, 2020 WL 5230734, at *1 (Del. Sept. 1, 2020) (warning appellant that "if he continues to file frivolous and vexatious lawsuits and appeals, he will be enjoined from filing appeals in [the Delaware Supreme] Court without leave"); *Jones v. Hay*, 2020 WL 4530293, at *1 (Del. Aug. 4, 2020) (warning same).

**GRANTED,** and Mr. Anderson is enjoined from filing in this Court any future claims or any new filings against General Motors Corporation or General Motors LLC that are related to his employ there without first obtaining leave of the Court under the procedures and requirements set forth in 10 *Del. C.* § 8803(e).

**SO ORDERED this 20th day of August, 2024**.

*/s/ Paul R. Wallace*

_____

Paul R. Wallace, Judge

Original to Prothonotary

cc: All counsel via File & Serve