# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| WOLF INVESTMENTS FUND, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. N24C-02-210 CLS |
| CAPTIAL SOURCE 2000, INC., | ) |
| CS2K, LLC, AND WILLIAM | ) |
| BROMLEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Date Submitted: November 4, 2024
Date Decided: February 3, 2025

*Upon Collective Defendants Motion to Dismiss Plaintiff's Amended Complaint.*
**DENIED.**

## <u>ORDER</u>

Julia B. Klein, Esquire, Klein LLC, Wilmington, Delaware 19801. *Attorney for Plaintiff.*

Maura L. Burke, Esquire, Pierson Ferdinand LLP, Wilmington, Delaware, 19801. Attorney for Defendants CS2k LLC and William Bromley.

Bradley P. Lehman, Esquire, Gellert Seitz Busenkell & Brown LLC, Wilmington Delaware, 19801. Attorney for Capital Source 2000, Inc.

**SCOTT, J.**

1

## INTRODUCTION

Before this Court is Plaintiff Wolf Investment Fund, LLC ("WIF") action arising from a securities transaction where WIF asserts that William Bromley ("Bromley"), through his various companies, Capital Source 2000, Inc., and CS2K, LLC, fraudulently misrepresented and made material omissions when selling certain securities, thus violating the Pennsylvania Securities Act of 1972. CS2K, LLC and Bromley ("Moving Defendants") have filed a Motion to Dismiss pursuant to Rule 12(b)(6). Capital Source 2000, Inc. filed a Motion to Join Moving Defendants Motion to Dismiss. Capital Source 2000, Inc., CS2K, LLC, and William Bromley are henceforth referred to as "Collective Defendants." Upon reviewing Collective Defendants Motion to Dismiss, Motion for Joinder to the Motion to Dismiss, and WIF response, the Motion to Dismiss is **DENIED**.

## STATEMENT OF FACTS

WIF is a Delaware limited liability company with its principle place of business in Pennsylvania. Capital Source 2000, Inc., is a corporation organized under the laws of the State of Delaware with its principle place of business in Conshohocken, Pennsylvania. CS2K, LLC is a Delaware Limited Liability company with its registered agent located in Wilmington, Delaware. William Bromley is the founder, president, and chief executive officer of Capital Source 2000, Inc.

On May 30, 2019, WIF entered into a securities agreement ("Agreement") with Capital Source 2000 Inc., for the value of $400,000. Both parties signed a Non-Negotiable Term Promissory Note ("400K Note") on May 30, 2019, memorializing their agreement. On February 6, 2020, WIF entered into an additional securities agreement with Capital Source 2000, Inc. for the value of $375,000 and both parties signed a Non-Negotiable Term Promissory Note ("$375 Note,"). In both Notes Capital Source 2000 Inc., was named the Maker and promised to pay WIF who was identified as the Payee.

On July 24, 2020, the Securities Exchange Commission filed a Complaint alleging securities fraud in the United States District Court for the Southern District of Florida, naming among others, Joe Cole and Par Funding as defendants ("Par Funding Action"). The Par Funding Action contained no allegations against Defendant William Bromley or Defendant Capital Source 2000, Inc.

On August 27, 2020, a Preliminary injunction Order was entered in the Par Funding Action that froze all the assets of Joe Cole and companies in which he held an interest including Capital Source 2000 Inc. A receiver was appointed in the Par Funding Action and included Capital Source 2000 Inc., as part of the receivership estate. The receivership froze any collection activities by WIF on account of the Notes.

On February 21, 2024, WIF filed a complaint against Collective Defendants asserting violations of Section 501 of the Pennsylvania Securities Act. On April 30, 2024, Defendants CS2K LLC and William Bromley filed a Motion to Dismiss. Subsequently, WIF filed an Amended Complaint asserting (Count I) Capital Source 2000, Inc., violated the Pennsylvania Securities Act of 1972 and (Count II) CS2K LLC and William Bromley violated the Pennsylvania Securities Act of 1972.

CS2K LLC and William Bromley filed a Motion to Dismiss the Amended Complaint because it does not comport with the statute of limitations pursuant to 70 Pa. Stat. Ann. § 1-504. Capital Source 2000, Inc. filed a Motion for Joinder of Moving Defendants Motion to Dismiss. WIF filed a response.

**PARTIES CONTENTIONS**

*Wolf Investment Fund LLC Contends:*

Wolf Investment Fund LLC contends the Motion to Dismiss should be denied because the Complaint was timely filed. WIF contends it had five years, from the date of when the alleged wrongful conduct occurred to file a claim against collective defendants. Thus, WIF asserts the applicable statute of limitations under 70 PA. Stat. Ann. § 1-504 affords WIF five years to file a claim against alleged bad actors.

*CS2K, LLC, William Bromley, and Capital Source 2000, Inc., Contend:*

Collective Defendants assert the Amended Compliant should be dismissed because the claim is barred by the applicable statute of limitation set forth in 70 Pa.

4

Stat. Ann. § 1-504. More specifically, Moving Defendants contend the applicable time limitation under Section 504 is one year, not five years. Moving Defendants, further, assert that WIF knew or should have known, upon reasonable diligence, of collective defendants alleged wrongful conduct within a year from when the alleged wrongful acts were committed.

## STANDARD OF REVIEW

A Motion to Dismiss, pursuant to Rule 12(b)(6) requires the Court weigh the complaints allegations against the "governing reasonable conceivability pleading standard."[1] A party raising a statute of limitations defense to a claim or counterclaim may do so in a motion to dismiss when the pleadings themselves demonstrate that the questioned action was not brought within the applicable statutory period."[2] "When applying Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, accepts as true all of the complaint's well-pled allegations,

---

[1] *Lakeview Loan Servicing, LLC v. Green-Hall*, 2024 WL 4533514, at *2 (Del. Super. Ct.) (*citing Windsor I, LLC v. CWCapital Asset Mgt. LLC*, 238 A.3d 863, 871-72 (Del. 2020) (Under Superior Court Rule 12(b)(6), "[t]he grant of a motion to dismiss is only appropriate when the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.")).

[2] *Coit Cap. SEC., LLC v. Turbine Asset Holdings*, LLC, 2019 WL 3949800, at *6 (Del. Super. Ct.) (*citing Verrastro v. Bayhealth Medical Center, Inc.,* 119 A.3d 676, 678 (Del. Super. Ct. 2015) (*citing Wilson v. Kirlin,* 2011 WL 1465576, at *1 (Del. Super. Ct. Apr. 15, 2011)); *Brooks v. Savitch,* 576 A.2d 1329, 1330 (Del. Super. Ct. 1989).

5

and draws all reasonable inferences in the plaintiff's favor."[3] The Court is confined to the complaint and attached documents when determining the merits of a 12(b)(6) Motion to Dismiss.[4] "A court will deny dismissal unless the plaintiff could not recover under any reasonable conceivable set of circumstances susceptible of proof.[5]

## DISCUSSION

The Par Funding Action was brought on July 2020. WIF contends it did not, through reasonable diligence, learn of the Par Funding Action and Moving Defendants' misrepresentation until February 24, 2023. Both WIF and Moving Defendants agreed that the Pennsylvania Securities Act governs all potential claims that could stem from the Agreement. Thus, 70 Pa. Stat. Ann. § 1-504 is the applicable section to determine the viability of the Motion to Dismiss. 70 Pa. Stat. Ann. § 1-504, states:

> No action shall be maintained to enforce any liability created under section 501 (or section 503 in so far as it relates to that section) unless brought before the expiration of five years after the act or transaction constituting the violation or the expiration of one year after the plaintiff receives actual notice or upon the exercise of reasonable diligence should have known of the facts constituting the violation, whichever shall first expire.[6]

---

[3] *Id.* (*quoting Deuley v. DynCorp Intern., Inc.*, 8 A.3d 1156, 1160 (Del. 2010)).
[4] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[5] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 897 (Del. 2002).
[6] 70 Pa. Stat. Ann § 1-504.

The Securities and Exchange Commission filed a complaint against Par Funding and other similarly situated defendants on July 24, 2020. On August 27, 2020, a receivership was appointed to the Par Funding Action to which Capital Source 2000, Inc., was made a part of the receivership estate. The Amended Complaint asserts that the receivership "effectively froze any collection activities by WIF on account of Notes." The Amended Complaint, further asserts, in early 2024 WIF learned it would not have recourse against the receivership on either the $400K or $350K Notes. Collective Defendants, conversely, assert WIF either knew or should have known of the alleged wrongful acts within one year of when they were commenced. On these facts, the Court finds there is an issue of material fact in dispute as to when WIF learned of the alleged wrongful acts committed by Collective Defendants.

From the Motion to Dismiss and the Response, it is apparent that both parties dispute the date in which WIF knew or should have known of Collective Defendants alleged wrongful conduct. The Court, when charged with assessing the merits of a Motion to Dismiss, considers the universe of facts with the Complaint.[7] Delaware law provides that the Court will deny a

---

[7] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006).

Motion to Dismiss if there are genuine issues of material fact.[8] Whether WIF had actual knowledge of collective defendants wrongful conduct on August 27, 2020, or at a later date is in dispute and should be determined by the fact finder. Accordingly, the Motion to Dismiss is **DENIED.**

## CONCLUSION

Based on the forgoing reasons, Collective Defendants Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Calvin L. Scott*

**Judge Calvin L. Scott, Jr.**

---

[8] *Fin Cap Inc. v. PayNerd LLC*, 2023 WL 5543736, at *7 (Del. Super. Ct.).