**James E. LINEBERGER and Arthur W. Lowe, Plaintiffs,**

**v.**

**John WELSH, Defendant.**

Court of Chancery of Delaware, New Castle.

April 5, 1972.

Steven D. Goldberg, of Theisen, Lank & Kelleher, Wilmington, for plaintiffs.

John P. Sinclair, and Michael D. Goldman, of Potter, Anderson & Corroon, Wilmington, for defendant.

SHORT, Vice Chancellor.

This is an action for specific performance of a contract by which defendant agreed to sell to plaintiffs 50,000 shares of the common stock of Sensormatic Electronics Corporation at the price of $7.50 per share or a total purchase price of $375,000 of which $50,000 was paid down and the balance payable over a period of five years. Defendant has moved (1) to dismiss for lack of jurisdiction, and (2) to quash sequestration. Since the motion to dismiss is supported and opposed by affidavits it will be treated as a motion for summary judgment. This is the decision on that motion.

Whether the subject matter of a contract is real or personal property the test for availability of the remedy of specific performance is inadequacy of the remedy at law. Satterthwait v. Marshall, 4 Del.Ch. 337. As to contracts for the sale of corporate stock our courts have uniformly held that where the stock is purchasable in the market, or its value otherwise ascertainable, specific performance is not available, the legal remedy of damages being adequate. Diamond State Iron Co. v. Todd, 6 Del.Ch. 163, 14 A. 27, aff'd 8 Houst. 372; G. W. Baker Mach. Co. v. United States Fire Apparatus Co., 11 Del.Ch. 386, 97 A. 613; Francis v. Medill, 16 Del.Ch. 129, 141 A. 697; Equitable Trust Co. v. Gallagher, 34 Del.Ch. 249, 102 A.2d 538; U. S. Dimension Products, Inc. v. Tessette, Inc., Del.Supr., 290 A.2d 634.

Here plaintiffs concede that Sensormatic stock is traded nationally over-the-counter so that its value is easily ascertainable. But they contend that the stock which they bargained to purchase is unique as to them and that damages would not adequately compensate them. They say that they purchased the stock for investment, not for quick profit, and that it was only because of the favorable credit terms that they were able to make the bargain. No authority is cited holding that either of these or similar circumstances is sufficient to take the case out of the general rule applicable to contracts for the sale of corporate stock. Though there are expressions in reported Delaware cases to the effect that "circumstances" may be sufficient to except a case from the general rule and warrant specific performance, it is significant that the only type of circumstances to which the courts have specifically pointed relate to uniqueness in the stock itself. Thus, if the subject matter of the contract is shares of stock in such amount as to give a majority control the shares are deemed to "possess [no] value peculiar to themselves." Francis v. Medill, supra. Or, if the stock is so-called "investment stock"

which cannot be traded on the market, equitable relief is available because of the difficulty of determining its value. U. S. Dimension Products, Inc. v. Tassette, Inc., *supra*.

■ Plaintiffs argue that there is doubt of defendant's ability to pay a judgment which they might recover at law. Not only is the relevance of this contention questionable but the only evidence adduced to support it is an affidavit which fails to meet the requirements of Chancery Rule 56(e) and is therefore not available to show the existence of a disputed fact. Woodcock v. Udell, 9 Terry 69, 97 A.2d 878.

■

■ Finally, plaintiffs contend that specific performance should here be granted under the liberal terms of the Uniform Commercial Code (5A Del.C.). The short answer to this contention is that investment securities are expressly excluded from the sales article of the Code. 5A Del.C. § 2–105.

Since I am satisfied that plaintiffs have an adequate remedy at law an order may be submitted, on notice, granting defendant's motion for summary judgment on the ground of lack of jurisdiction. In view of this finding it is unnecessary to consider the second ground of the motion.