Ermont C. **FAWCETT**, Defendant Below, Appellant,

v.

**STATE of Delaware**, Plaintiff Below, Appellee.

No. 537, 1996.

Supreme Court of Delaware.

Submitted: June 10, 1997.

Decided: July 24, 1997.

J. Brendan O'Neill, Assistant Public Defender, Wilmington, for Appellant.

Daniel R. Miller, Deputy Attorney General, Department of Justice, Wilmington, for Appellee.

Before VEASEY, C.J., WALSH and BERGER, JJ.

BERGER, Justice:

Ermont C. Fawcett was convicted, following a bench trial, of forgery in the second degree, criminal impersonation and shoplifting. He challenges his forgery and criminal impersonation convictions on three grounds: (i) the forgery conviction was not supported by sufficient evidence; (ii) the Superior Court erred in admitting hearsay evidence; and (iii) the Superior Court improperly took judicial notice of Fawcett's identity. We find that the Superior Court properly rejected Fawcett's hearsay objection, as the challenged statement was not offered for the truth of the matter asserted. We conclude, however, that Fawcett's first and third claims are meritorious. The State failed to introduce the allegedly forged document in evidence and the conviction cannot be sustained without proof that a forgery was committed. Further, the Superior Court should not have taken judicial notice that appellant is Ermont Fawcett. Appellant's identity was an element of the crime; it was not a fact that could be assumed without proof. Accordingly, Fawcett's convictions on the forgery and criminal impersonation charges must be reversed.

## I. Factual and Procedural Background

On April 6, 1996, Jesse Shade, a loss prevention officer on duty at a New Castle County Rite Aid drug store, observed Fawcett taking items out of boxes on the store shelves and concealing them in his pockets. Shade apprehended him and called the Delaware State Police. Trooper Russell Evans responded and questioned Fawcett at the drug store. When asked his name, appellant responded "Kevin Fawcett." Evans took Fawcett into custody for shoplifting and transported him to the local police station.

At the police station, Evans fingerprinted Fawcett and instructed him to sign his name on the fingerprint card. Evans specifically advised Fawcett that if he signed another person's name he would be committing forgery. Fawcett signed the fingerprint card in Evans' presence, but the trooper did not

notice what name Fawcett signed on the card.

Approximately two weeks later, Corporal Nicholas Lano, of the Delaware State Police, spoke with an individual other than appellant, who came to the police station and identified himself as Kevin Fawcett. The man explained to Lano that, for reasons unknown to him, he had received a court document with his name on it stating that he had failed to appear in court. Lano contacted Evans and advised him to check the information given to him by appellant. Thereafter, appellant was indicted on counts of forgery second degree, criminal impersonation and shoplifting.

At trial, the State based its case on the testimony of Shade, Evans and Lano. At the close of the State's case, Fawcett moved for acquittal on the forgery and criminal impersonation charges. The court initially ruled that acquittal was warranted on the forgery count because the fingerprint card had not been moved into evidence. The trial court later reversed that ruling and found Fawcett guilty on all three counts. Fawcett does not appeal the shoplifting conviction.

## II. Hearsay Objection

At trial, appellant objected to Lano's testimony that an individual other than appellant identified himself as Kevin Fawcett. Appellant complains that the State offered Lano's testimony to prove that the out-of-court declarant was Kevin Fawcett and, therefore, that appellant was not Kevin Fawcett. The trial court ruled that the challenged testimony was admissible because Lano simply testified that a person other than appellant identified himself as Kevin Fawcett; not that the person actually was Kevin Fawcett.

■■■ We review a trial court's evidentiary rulings for abuse of discretion.[1] We find none. The trial court properly admitted Lano's testimony for the limited purpose of establishing that there was someone other than appellant claiming to be Kevin Fawcett.

Lano's testimony was not hearsay because it was not offered for its truth.[2]

## III. Sufficiency of Evidence of Forgery

The State offered the following circumstantial evidence in support of the forgery charge: Evans' testimony that appellant orally identified himself as Kevin Fawcett and that appellant signed the fingerprint card in his presence; and Lano's testimony that another man came into the police station and claimed to be Kevin Fawcett. The State did not offer the allegedly forged document into evidence and it did not elicit testimony from anyone who saw appellant sign the fingerprint card with the name "Kevin Fawcett."

■■■ The standard of review on a claim of insufficient evidence, is whether, "any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt."[3] After a careful review of the record below, we agree with appellant that the State failed prove the forgery charge beyond a reasonable doubt. One of the elements of the crime of forgery is the existence of a written instrument that has been falsified in one or more ways:

> A person is guilty of forgery when, intending to defraud, deceive or injure another person, or knowing that the person is facilitating a fraud or injury to be perpetrated by anyone, the person:
>
> . . . .
>
> Makes, completes, executes, authenticates, issues or transfers any written instrument which purports to be the act of another person, whether real or fictitious, who did not authorize that act. . . .[4]

The written instrument in this case was the fingerprint card, yet the State failed to place the card in evidence, or establish that it had

1. *Longfellow v. State,* Del.Supr., 688 A.2d 1370, 1372 (1997).

2. D.R.E. 801(c); *see Johnson v. State,* Del.Supr., 587 A.2d 444, 447 (1991).

3. *Robertson v. State,* Del.Supr., 596 A.2d 1345, 1355 (1991).

4. 11 *Del.C.* § 861.

388

been falsified[5]. There was, as a result, no evidence of one of the elements of the crime of forgery and this failure of proof required a judgment of acquittal.

## IV. Judicial Notice of Appellant's Identity

After the trial was concluded, in response to appellant's motion for judgment of acquittal, the court took judicial notice of the fact that appellant is Ermont Fawcett and not Kevin Fawcett. The trial court based its decision on the fact that "he answered subpoenas and he's appeared in this courtroom as Ermont Fawcett."

 A court may take judicial notice of a fact if that fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."[6] The doctrine of judicial notice, however, should be used with caution: "If there is any doubt whatever, either as to the fact itself or as to its being a matter of common knowledge, evidence should be required."[7] Judicial notice is only proper where "sufficient notoriety attaches to the fact to make it proper to assume its existence without proof.... [I]f there [is] any possibility of dispute the fact cannot be judicially noticed."[8] In a criminal case, it is inappropriate to use judicial notice to establish a defendant's identity.[9] This is especially true in a case, such as this, where the use of a false identity is the criminal act at issue.[10]

Since it was error to take judicial notice of appellant's identity, the remaining question is whether there was evidence from which a finder of fact could conclude that appellant was someone other than Kevin Fawcett. We find none in this record. The only evidence

that was marginally relevant was Lano's testimony that another main claimed to be Kevin Fawcett. The State did not offer any proof of the other man's identity or any evidence that both men do not share the same name.

## V. Conclusion

Based on the foregoing, Fawcett's convictions on the charges of forgery in the second degree and criminal impersonation are hereby reversed.

---

**5.** Evans did not testify that appellant signed the fingerprint card using the name "Kevin Fawcett." Even if that could be inferred, however, for the reasons discussed in the following section, there is no evidence that appellant is not Kevin Fawcett.

**6.** D.R.E. 201(b).

**7.** *Communist Party of United States v. Peek*, Cal. Supr., 20 Cal.2d 536, 127 P.2d 889, 896 (1942) (citation omitted).

**8.** *Id.* (citation and internal quotations omitted).

**9.** *United States v. Hawkins*, 4th Cir., 76 F.3d 545, 552 (1996).

**10.** "A person is guilty of criminal impersonation when the person: (1) impersonates another person and does an act in an assumed character intending to obtain a benefit or to injure or defraud another person...." 11 *Del.C.* § 907.