# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEANN M. TOTTA, LAURIE MORRISSEY, CHASE WATSON, and PARK G.P., INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 2021-0173-KSJM |
| CCSB FINANCIAL CORP., | ) ) | |
| Defendant, | ) ) | |

## MEMORANDUM OPINION

Date Submitted: September 21, 2021
Date Decided: October 20, 2021

Kevin H. Davenport, John G. Day, PRICKETT, JONES & ELLIOTT, P.A., Wilmington, Delaware; *Counsel for Plaintiffs Deann M. Totta, Laurie Morrissey, Chase Watson, and Park G.P., Inc.*

Art. C. Aranilla, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, Wilmington, Delaware; Brett A. Scher, Patrick M. Kennell, KAUFMAN DOLOWICH & VOLUCK, LLP, New York, New York; *Counsel for Defendant CCSB Financial Corp.*

**McCORMICK, C.**

The plaintiffs bring this suit under 8 *Del. C.* § 225 to challenge a corporate election conducted by Defendant CCSB Financial Corp. ("CCSB" or "Defendant"). CCSB has moved to dismiss the complaint for failure to state a claim. Misconstruing the applicable pleading standard, CCSB urges the court to consider the "fuller story" beyond the plaintiffs' allegations, a story supposedly revealed by 33 documents neither attached to nor referenced in the complaint.[1] Because CCSB bases its motion on matters outside of the pleadings, this decision converts the motion to one for summary judgment and grants the plaintiffs a reasonable opportunity to conduct discovery.

CCSB also argues that two of the plaintiffs lack standing to challenge CCSB's most recent election because they are plaintiffs in a separate case in this court challenging CCSB's prior annual election. CCSB feigns concern that those plaintiffs' success in both actions would result in two people holding four board seats, suggesting this court would mindlessly reach such an outcome. But this court would not act so obtusely. Nor must it. The prior litigation has been stayed at CCSB's request and there are multiple other ways in which the two proceedings could be harmoniously resolved. CCSB's motion to dismiss those two plaintiffs is therefore denied.

---

[1] *See* C.A. No. 2021-0173-KSJM Docket ("Dkt.") 20 ("Def.'s Reply Br.") at 1, 6, 9, 10.

## I. FACTUAL BACKGROUND

These facts are drawn from the Verified Complaint (the "Complaint").[2]

Plaintiff Park G.P., Inc. ("Park"), a stockholder of CCSB, nominated plaintiffs Deann Totta, Laurie Morrissey, and Chase Watson (with Park, "Plaintiffs") as candidates for director positions at CCSB's Annual Meeting on January 28, 2021. Of 723,678 eligible voting shares, Park's nominees received 360,275 votes, and the incumbent directors received 359,336 votes. The Inspector of Elections, however, disallowed 37,416 shares voting in favor of Park's nominees based on a provision in CCSB's Certificate of Incorporation that prevents any stockholder, acting individually or in concert with others, from voting shares in excess of 10% of outstanding common stock ("10% Voting Rule"). CCSB's Board of Directors (the "Board") determined that several individuals, including Plaintiffs, violated the 10% Voting Rule by "acting in concert" with each other.

Plaintiffs filed this lawsuit on February 26, 2021, asserting two claims. In Count I, Plaintiffs seek a declaration that the Board's decision to disallow votes was invalid. In Count II, Plaintiffs seek a declaration that Totta, Morrissey, and Watson were elected to the Board at the 2021 Annual Meeting.

CCSB moved to dismiss the complaint. The parties fully briefed the motion on May 10, 2021, and the court held oral argument on September 20, 2021.

---

[2] Dkt. 1, Verified Compl. ("Compl.").

Park also filed an earlier suit in this court challenging the 2020 CCSB election (the "First Chancery Action").[3] In that suit, Park alleges that CCSB made false and misleading statements concerning Totta in a letter sent to stockholders prior to the election. Before the First Chancery Action was filed, Totta filed defamation claims against CCSB in Missouri state court. Defendant moved to dismiss or stay the First Chancery Action in favor of the Missouri litigation. This court stayed the First Chancery Action on December 29, 2020.[4]

## II. LEGAL ANALYSIS

CCSB moved to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim and, as to Totta and Morrissey, for lack of standing.

Under Rule 12(b)(6), the court may grant a motion to dismiss if the complaint "fail[s] to state a claim upon which relief can be granted."[5] "[T]he governing pleading standard in Delaware to survive a motion to dismiss is reasonable 'conceivability.'"[6] When considering such a motion, the court must "accept all well-pleaded factual allegations in the [c]omplaint as true . . . , draw all reasonable inferences in favor of the plaintiff, and deny the motion unless the plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof."[7] The court, however, need not "accept

---

[3] *See Park G.P., Inc. v. CCSB Fin. Corp.*, C.A. No. 2020-0230-KSJM.

[4] First Chancery Action, Dkt. 59.

[5] Ct. Ch. R. 12(b)(6).

[6] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 536 (Del. 2011).

[7] *Id.* (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

3

conclusory allegations unsupported by specific facts, nor do we draw unreasonable inferences in the [non-moving party's] favor."[8]

### A. Defendant's Motion to Dismiss Is Converted To A Motion for Summary Judgment.

Defendant argues that the Complaint fails to state a claim upon which relief can be granted because the "fuller story" reflects that the Board correctly applied the 10% Voting Rule.[9] In advancing this argument, CCSB relies on 33 documents neither referenced in nor attached to the Complaint.

"Generally, matters outside the pleadings should not be considered in ruling on a motion to dismiss."[10] There are exceptions to that rule, including for documents that are integral to the complaint or subject to judicial notice.[11]

Defendant contends that every single one of the 33 documents fall within one of these two exceptions, arguing that three of the documents are integral to the complaint and that the remaining 30 are subject to judicial notice.[12] Because Defendant relies most heavily on the judicial notice doctrine, this analysis jumps to that issue.

---

[8] *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009).

[9] Def.'s Reply Br. at 1, 6, 9, 10.

[10] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 68 (Del. 1995).

[11] *See Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, 238 A.3d 863, 873 (Del. 2020) (identifying exceptions); *see also Acero Cap., L.P. v. Swrve Mobiles, Inc.*, 2021 WL 2207197, at *1 (Del. Ch. June 1, 2021); *Stephen G. Perlman, Rearden LLC v. Vox Media, Inc.*, 2015 WL 5724838, at *9 (Del. Ch. Sept. 30, 2015).

[12] Defendant does not argue that any of the 33 documents are incorporated in the Complaint by reference.

A court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[13] The Delaware Supreme Court, however, has urged that the doctrine "be used with caution."[14] Generally speaking, the court may not take judicial notice of the truth of the contents of matters outside the pleadings.[15]

Defendant asks the court to take judicial notice of the content of six websites,[16] two newspaper articles,[17] six SEC documents,[18] six filings in the First Chancery Action,[19] and ten orders and judgments by Missouri courts.[20]

Some of these documents may be appropriate for judicial notice to a degree. For example, the court can take notice of this court's stay in the First Chancery Action and the

---

[13] D.R.E. 201(b).

[14] *Fawcett v. State*, 697 A.2d 385, 388 (Del. 1997).

[15] *See*, *e.g.*, *Pulieri v. Boardwalk Props., LLC*, 2015 WL 691449, at *4 n.24 (Del. Ch. Feb. 18, 2015) (holding that "[t]aking judicial notice of the truth of the statements in the [court filings], however, is beyond the scope of what Rule 202(d)(1)[(C)] permits"); *In re Rural Metro Corp. S'holders Litig.*, 2013 WL 6634009, at *9 (Del. Ch. Dec. 17, 2013) (holding that "Rule 202 does not permit this court to take judicial notice of the [bankruptcy filing] for the truth of its contents").

[16] Compl.at 4–6 & nn.4–6, 10–12, 15.

[17] *Id.* at 4 & n.4, 13 n.20.

[18] *Id.* at 1 & n.1, 4–6 & nn.4, 7–9, 13–14.

[19] *Id.* at 3, 12–13 & n.19.

[20] *Id.* at 6 n.14, 9–11 & n.18, 12–13 & n.19. I note that corralling the universe of documents on which Defendant relied was a chore. Defendant submitted ten as exhibits to the opening brief, but provided only hyperlinks to eleven others, and merely mentioned the remainder through citations.

Orders and Judgments entered by Missouri courts. The court can also take judicial notice of websites, newspaper articles, and SEC filings, albeit for limited purposes; typically, the judicial notice doctrine does not extend to the truth of those documents' contents.[21]

In this case, many of the documents that Defendant seeks to introduce are not capable of judicial notice, at least not for the truth of their contents. In the interest of judicial economy, the court highlights some of the obvious offenders.

- Defendant relies on newspaper articles to support the propositions that Johnson is the controlling stockholder of a certain bank and active in litigation.[22] While judicial notice would be proper on the issue of whether Johnson was the subject of media interest, it is improper to take judicial notice of those articles for the truth of the articles themselves.

- Defendant asks the court to take judicial notice of a series of websites in order to establish that a bank affiliated with Johnson is located in close proximity to another entity affiliated with Johnson.[23] Whereas judicial notice that a website existed or that a certain entity published a website would be appropriate, it is improper to take judicial notice of the contents of the website for the truth of the matter asserted.

When a Rule 12(b)(6) motion depends on a large volume of documents outside of the pleadings, chances are that the movant has not applied the pleading standard faithfully and is effectively pursuing a motion for summary judgment. In such circumstances, the court has no obligation to undertake the painstaking task of determining what subset of

---

[21] *See, e.g.*, *Windsor I*, 238 A.3d at 873 (noting that a court can only consider documents outside of the pleadings "'when the document is not being relied upon to prove the truth of its contents.'"); *In re Primedia, Inc. S'holders Litig.*, 2013 WL 6797114, at *11 (Del. Ch. Dec. 20, 2013) (holding that "Newspaper Articles" and other financial communications were not capable of judicial notice because "they were not required by law to be filed, and were not filed publicly with a state or federal agency.").

[22] Dkt. 14, ("Def.'s Opening Br.") at 4 & n.4, 13 & n.20.

[23] *Id.* at 4 & n.4.

extraneous materials should be excluded so as to limit the court's analysis to the well-pled facts. As Vice Chancellor Lamb explained when confronting a similar issue, "[i]t [is] not the court's duty to wade through the defendants' voluminous submissions, to search for arguments or sub arguments that could be decided on the basis of the well pleaded facts of the complaint alone."[24]

Rule 12(b) provides a procedural solution for addressing this precise circumstance. As Vice Chancellor Fioravanti recently explained when addressing a similar motion to dismiss,

> It is clear that defendants "chose to make a motion for summary judgment in the guise of a Rule 12(b)(6) motion to dismiss." That tactical choice has consequences.[25]

The consequences referred to by the Vice Chancellor are found in the last sentence of Rule 12(b). When a party presents matters outside the pleading on a Rule 12(b)(6) motion, and the court elects to consider them, Rule 12(b) directs that the court convert the motion to one for summary judgment.

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56,

---

[24] *Black v. Gramercy Advisors, LLC*, 2007 WL 2164286, at *1 (Del. Ch. July 23, 2007) (denying motion for reargument of decision to convert a Rule 12(b)(6) motion to one for summary judgment).

[25] *Acero Cap.*, 2021 WL 2207197, at *1 (quoting *Lavi v. Wideawake Deathrow Ent., LLC*, 2011 WL 284986, at *1 (Del. Ch. Jan. 18, 2011)) (internal citations omitted).

7

and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.[26]

Multiple decisions of this court have converted a Rule 12(b)(6) motion to one for summary judgment under this rule.[27]

In this case, it is appropriate to convert the motion to one for summary judgment given the large volume of extraneous materials heavily relied on by Defendants.

While there is no bright-line rule concerning the number of extraneous documents that will render conversion appropriate, a higher number makes it more difficult to justify expending judicial resources to exclude documents inappropriate for consideration. Further, a large number of external documents increases the risk of prejudice to a plaintiff in considering such documents. Here, Defendant's reliance on 33 external documents weighs in favor of converting Defendant's motion.

---

[26] Ct. Ch. R. 12(b).

[27] *See, e.g.*, *Acero Cap.*, 2021 WL 2207197, at *3 (converting Rule 12(b)(6) motion into motion for summary judgment because defendant submitted and relied on matters outside the pleadings); *Raj & Sonal Abhyanker Family Tr. ex rel. UpCounsel, Inc. v. Blake*, 2021 WL 2477025, at *9 (Del. Ch. June 17, 2021) (same); *Bedrock Techs., LLC v. Earthwater Tech. Int'l, Inc.*, 2006 WL 2521430, at *1 (Del. Ch. Aug. 24, 2006); *Kessler v. Copeland*, 2005 WL 396358, at *4–5 (Del. Ch. Feb. 10, 2005) (same); *Peoples Sec. Life Ins. Co. v. Fletcher*, 1988 WL 26791, at *1 (Del. Ch. Mar. 16, 1988) (same); *Kramer v. W. Pac. Indus., Inc.*, 1987 WL 17043, at *1 (Del. Ch. Sept. 11, 1987) *aff'd*, 546 A.2d 348 (Del. 1988) (same); *Strauss v. Silverman*, 1977 WL 5177, at *1 (Del. Ch. Aug. 25, 1977) (same); *Lineberger v. Welsh*, 290 A.2d 847, 848 (Del. Ch. 1972); *Broadscale OC Invs., L.P. v. Clayton*, C.A. No. 2020-0262-PAF, at 78–81 (Del. Ch. Oct. 15, 2020) (TRANSCRIPT) (same); *Montgomery v. Erickson Air-Crane, Inc.*, C.A. No. 8784-VCL, at 62–63 (Del. Ch. Apr. 15, 2014) (TRANSCRIPT) (same); *Dawson v. Pittco Cap. P'rs, L.P.*, C.A. No. 3148-VCN, at 37 (Del. Ch. Dec. 7, 2007) (TRANSCRIPT) (same).

Similarly, a high degree of reliance on extraneous materials supports conversion. A quick review of Defendant's opening brief reveals 67 citations to matters outside the pleading, including ten citations to a complaint in an entirely different case, compared against 33 citations to the Plaintiffs' actual complaint. Again, while no precise ratio or formula is discernable, a two-to-one ratio of citations to external documents favors conversion.

For these reasons, Defendant's Rule 12(b)(6) motion is converted into one for summary judgment. The parties shall confer on a schedule for resolving Defendant's motion in conformity with Rule 56.[28]

Although this decision converts Defendant's 12(b)(6) motion to one for summary judgment, it warrants reminding the parties that Plaintiffs filed this action pursuant to

---

[28] Because Defendant's overreliance on the judicial notice doctrine warrants converting its motion to one for summary judgment, the court need not address Defendant's argument that the other three documents are integral. It bears noting, however, that Defendant also seems to misapply the integral-to-the-complaint exception.

It is sometimes hard to pinpoint what "integral" means in this context, as this court has treated the exception as a facts-and-circumstances inquiry. *In re Gardner Denver, Inc.*, 2014 WL 715705, at *3 (Del. Ch. Feb. 21, 2014). Generally, a document is central or integral to a complaint where the plaintiff's factual or legal theories rely on the document. *See, e.g.*, *Narrowstep, Inc. v. Onstream Media Corp.*, 2010 WL 5422405, at *5 (Del. Ch. Dec. 22, 2010) (holding that the underlying contract is integral to a claim for breach of that contract); *Orman v. Cullman*, 794 A.2d 5, 16 (Del. Ch. 2002) (holding that SEC filings are integral to a claim challenging the sufficiency of those disclosures).

In this case, Defendant argues that two of the three documents—letters from CCSB to Johnson requesting beneficial ownership information—are integral because a third letter requesting the same information was attached to the Complaint. Defendant argues that the third document—minutes of a CCSB board meeting—is integral because Plaintiffs discuss the meeting. But these arguments miss the mark because Plaintiffs claims do not rely nor depend on the three documents, which speak more to merits-based issues.

Section 225. "The purpose of [S]ection 225 is to provide a quick method for review of the corporate election process to prevent a Delaware corporation from being immobilized by controversies about whether a given officer or director is properly holding office."[29] Consistent with their purpose, the court endeavors to resolve Section 225 claims on an expedited basis.[30] Thus, although the parties have not moved with alacrity to date, the court is not inviting further delay by converting the motion.

Further, when the court considers a Rule 56 motion, "the court may, in its discretion, deny summary judgment if it decides upon a preliminary examination of the facts presented that it is desirable to inquire into or develop the facts more thoroughly at trial in order to clarify the law or its application."[31] Given the possibility that the court may exercise its discretion to deny summary judgment if circumstances warrant and the expedited nature of these proceedings, the parties may elect to proceed to trial on the merits instead of pursuing a summary judgment motion.

## B. Totta and Morrissey Have Standing.

Defendant argues that Totta and Morrissey lack standing to pursue Counts I and II. Defendant does not argue that Totta and Morrissey have failed to plead a harm capable of remedy in this action. Rather, Defendant's argue that the relief sought by Totta and Morrissey in the instant action is duplicative and mutually exclusive with the relief sought in the First Chancery Action.

---

[29] *Box v. Box*, 697 A.2d 395, 398 (Del. 1997).

[30] 8 *Del. C.* § 225.

[31] *In re Orchard Enters.*, *Inc. S'holder Litig.*, 88 A.3d 1, 16 (Del. Ch. 2014).

10

In this action, Plaintiffs seek a declaration under Section 225 that Totta, Morrissey, and Watson were duly elected as CCSB directors following the 2021 annual election. In the First Chancery Action, Park seeks to invalidate CCSB's 2020 annual election and to require CCSB to hold a "new, and untainted, election."[32]

Defendant contends that granting Totta and Morrissey complete relief in both actions would result in Totta and Morrisey impermissibly occupying multiple board seats.[33] But that concern speaks to only one hypothetical outcome of the two related cases. There are other ways in which the cases could be harmoniously resolved. For example, Plaintiffs argue the court could simply invalidate the 2020 election and order a new election. Although this decision does not pass judgment on the propriety of such an outcome, the existence of one potential outcome that would not render the First Chancery Action in conflict with the instant action undermines Defendant's motion.

In any event, the solution to Defendant's hypothetical problem is not to dismiss Totta and Morrissey from this action thereby eliminating their ability to seek redress for harm in connection with the 2021 election. Rather, the solution is to take into account any mooting effect of relief granted in this action on the relief sought in the First Chancery Action, which this court is capable of doing.

---

[32] *See* First Chancery Action, Dkt. 40, Amended Verified Compl. ¶ 1.

[33] *See* Def.'s Opening Br. at 23–25.

11

## III. CONCLUSION

Defendant's Motion to Dismiss Counts I and II for failing to state a claim is converted into a motion for summary judgment and will be considered at a later time in accordance with Rule 56. Defendant's Motion to Dismiss based on lack of standing as to plaintiffs Totta and Morrissey is DENIED. The parties shall meet and confer on a discovery schedule and form of order consistent with this ruling.